Morphy, J.
This is an action brought by Émile Grand-champs to obtain from his sisters and co-heirs, Louise M. C. Delpeuch, M. E. Foulon, and M. M. Conseil, the collation to the successions of his father and mother, of certain sums of money they have respectively received in advance of their hereditary *431 shares in such successions. The statement of facts shows, that his sisters, Delpeuch and Foulon, received by marriage-contract, as a dowry jointly settled upon them by their father and mother, the sum of $3000 each, and that Madame Conseil received, as a part of her hereditary rights in the succession of her mother, $1500, when she married, and some time after, a further sum of $150 in advance of her portion in the future succession of her father. The defendants, Delpeuch and Foulon, renounced the estate of Franpois Grandehamps, which is admitted to be insolvent ; the two other heirs accepted it with the benefit of inventory. There was a judgment below decreeing the collation to be so made, as to distribute equally among the four heirs, the sums advanced to three of them by their parents. The defendants, Delpeuch and Foulon, have appealed.
There is no dispute with regard to the succession of Louise Marie Grandehamps, to which the appellants admit their obligation to collate the sums they have received from her, the donation to them not being made as an advantage or extra-portion ; but their counsel contends that, as they have renounced the succession of their father, they have a right to retain the $3000 received from him, without being subject to any collation. It is true, that article 1315 of our Code authorizes the heir who renounces, to beep the property he has received in advance of his hereditary rights, and releases him from the obligation of collating; but the same article provides also that, “ if the remaining amount of the inheritance should not be sufficient for the legitimate portion of the other children, including in the estate of the deceased the property which the person renouncing would have collated had he become heir, he shall then be obliged to collate up to the sum necessary to complete such legitimate portion.”
In the present case, all the property belonging to the late F. Grandehamps at the time of his death, being admitted to be insufficient to pay his debts, his estate, so far as his forced heirs are concerned, may be said to consist, and really consists only, of the donations inter vivos he formerly made to his children. These donations must then form the amount on which-the disposable portion is to be calculated. 5 Toullier, No. 144. Rogron, on articles 845 and 922 of the Nap. Code. The deceased having *432 left four children, the disposable portion is one-third of the sums to be collated. This proportion the defendants are authorized to retain in the same manner as if the donation had been made to them as an advantage or extra-portion ; but they cannot surely derive from their renunciation the unjust privilege of keeping for themselves alone the whole of what they have received, when their father left nothing at his death out of which his other children can receive their legitimate portion. The obligation of collating is founded on that equality which should reign among heirs who are called upon to divide the inheritance of their father, mother, or other ascendants, and also on the presumption, that whatever is given to some of them is so disposed of, in advance of what they might one day expect from their succession. Civ. Code, arts. 1307, 1309, 1312, 1313, 1491, 1735. 4 Duranton, Nos. 250, 258, 259. 4 Toullier, No. 455. The circumstances of the succession of his father being insolvent, and of his having accepted it with the benefit of an inventory, presents, in our opinion, no obstacle to the plaintiff’s right to call upon the appellants to collate. The donations made by the deceased to his children, when he was in more affluent circumstances, constitute a fund which the creditors have no right to look to, as it did not belong to their debtor at the time of his death. He had made these donations long before, and, for aught that appears in the record, had a perfect right to make them. In order to exercise his claim for collation against the defendants, the plaintiff was under no obligation to accept unconditionally a succession overburthened with debts, and thus endanger his own property. Had he taken such a step, he would have become personally liable to the creditors of the estate, to whose advantage alone the collation would then have enured ; whereas, by accepting with the benefit of an inventory, the plaintiff has, without danger to himself, preserved his quality of heir, without which he could not have called upon the defendants to collate. But it is next argued, that if the appellants are not entitled to the whole sum of $3000, they should, at least, have and retain, in addition to the disposable portion, a share equal to that of the other heirs in the balance remaining. This pretension is entirely inadmissible. Having absolutely renounced the succession of their father, the appellants *433 have become strangers to it, and can claim no share in the legitimate portion reserved to the heirs alone. Were it otherwise, they would, by renouncing the estate, have secured to themselves that which they could not have obtained by accepting it, unless the donation had been made to them as an advantage or extra-portion, which is not the ease here. They are clearly then entitled to no more than the disposable portion. This would give to each of the appellants only one-sixth part of the $3000 to be collated, while the judgment below allows them a portion equal to that of the two other heirs, to wit, one-fourth of that amount; but of this, the latter do not complain, as it was so decreed on their own demand, that their sisters should be placed upon a footing of perfect equality with themselves.

Judgment affirmed.