## WILLIAM KRÆUTLER and another *v.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF THE UNITED STATES.

The signature of the judge is required only to final judgments. C. P. 546. Other decrees or orders made in the course of a suit, may be entered on the minutes, and, where they may cause irreparable injury, may be appealed from, though not signed. C. P. 544.

A garnishee having answered the interrogatories propounded to him, took a rule on plaintiffs to show cause why he should not be allowed to file a supplemental answer. Plaintiffs, averring that the answer filed by the garnishee was evasive and insufficient and amounted to a judicial confession in their favor, and cannot be done away with by any subsequent answer ; that measures have been taken to fix the liability of the garnishee, by obtaining an order directing him to deliver to the sheriff a transfer-warrant for certain shares of stock held by him for the defendants; and that the supplemental answer came too late, moved for a judgment against the garnishee for the amount claimed by them. The supplemental answer was allowed to be filed, and the motion for a judgment against the garnishee overruled, by an order entered on the minutes, but not signed. On appeal by plaintiffs : *Held,* that the appeal must be dismissed, the judgment being an interlocutory one, not producing irreparable injury.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Peyton* and *I. W. Smith,* for the appellants.

*T. Slidell,* contrâ.

GARLAND, J.   This case arises out of the one in which an opinion has been given this morning, between the same plaintiffs and defendants.*   Robert Copland was cited as a garnishee, and required to answer sundry interrogatories, the object of which was, to ascertain if he had, or had not, in his hands, any money, goods, chattels, or assets belonging to the bank, and if

---

* The case referred to is still suspended (November, 1845) by an application for a re-hearing

so, how much, and particularly whether or not he had the sum of $100,000, or a sufficient amount to pay the plaintiffs' debt.

In answer to the interrogatories, Copland stated that he had in his possession thirteen promissory notes, amounting to $95,000, which were pledged to the Bank of the United States, to secure a debt due to the bank in Philadelphia, which debt had been settled, so far as these notes were concerned, previous to the attachment being notified to him. He further said, that he had in his possession a transfer warrant, from the transfer books in Philadelphia, for 925 shares of stock in the New Orleans Gas Light and Banking Company, in the name of W. W. Frazier, cashier, on which $30 per share had been paid; also sundry certificates of stock in the Bank of Orleans, for 642 shares, on which $50 per share had been paid; and certificates for 722 of Orleans Bank stock, on which $50 per share had been paid, all standing in the name of John Andrews, first assistant cashier. *All which stock has been in like manner pledged as collateral security, for a debt due to said Bank of the United States in Philadelphia,* where the original debt, and evidence thereof, is held.

He further answered that, previous to this attachment being levied, another in favor of the United States had also been levied, and he notified as a garnishee, which was still pending and undecided. This answer was filed, May 27th, 1843. In December of that year, the cause was tried between the plaintiffs and defendants, and a judgment given for the former; none of the garnishees being present, nor any order made relating to them. This judgment decrees a " privilege on the property attached."

An execution was issued on the judgment so rendered, and the sheriff returned it into the clerk's office, stating that he had " seized all the money, property, credits and effects of the defendants in the hands of W. W. Frazier, C. Adams, Jr., and the Bank of Louisiana, and returned it by order of plaintiff's attorney."

In March, 1844, without any notice being given to Copland, or judgment against him in any form, the Commercial Court entered an order stating that, on motion of the attorney for the plaintiffs, and considering the judgment herein rendered, and the execution thereon issued, and also the answers of R. Copland to

the interrogatories propounded to him, as garnishee, it is ordered that said Copland do forthwith deliver to the sheriff of the court the transfer warrant for 925 shares of stock in the New Orleans Gas Light and Banking Company, in the name of W. W. Frazier, cashier, it being the warrant described in the answers of said Copland to the interrogatories. The day after this order was entered on the minutes—for it is not signed—the sheriff called on Copland with it, and demanded the warrant, which he refused to deliver. About a week subsequently to this order, or decree, Copland asked for a rule on the plaintiffs, to show cause why he should not be permitted to file a supplement to his answer, which was left with the clerk, but is not in the record. The next day, the plaintiffs, for answer to this rule, averred:

1st. That the answer already filed by Copland, as garnishee, is vague, indefinite, insufficient, and evasive, and in law confesses the facts inquired of in the interrogatories, and amounts to a judicial confession in favor of the plaintiffs, and cannot be destroyed by any subsequent acts.

2d. That the plaintiffs had, prior to the taking of the rule, taken measures to fix the liability of Copland, as will appear by the order rendered on the 4th of March, 1844.

3d. That the amended answer comes too late, and cannot be filed.

On the same day that this answer was filed to Copland's rule, the counsel of the plaintiffs moved for judgment in their favor against the garnishee, for $24,200, with interest and costs, on the grounds that said garnishee had, by reason of his answers filed, confessed that, at the time of service of the attachment upon him, he was indebted to the defendants in an amount greater than the judgment against them, and also had property to a greater amount, which he has, in contempt of the order of the court, refused to deliver; but the court, stating that it was doubtful as to the extent of Copland's liability, ordered that he should have notice of the motion, and that the case be fixed for argument three days after. The counsel on both sides were heard, and, on the 29th of June, the supplemental answer of Copland was permitted to be filed, and the motion for a judg-

ment against him overruled, and the plaintiff's rule discharged. From this order, entered on the minutes of the court, and not signed, the plaintiffs have appealed.

It is moved to dismiss this appeal, on two grounds: 1st. That the order, or decree, is not final, but interlocutory, and produces no irreparable injury. 2d. That the order, or decree, is not signed by the judge.

The second ground for dismissal is not of much weight. The signature of the judge is only required to final judgments. Code of Practice, art. 546. Other decrees, or orders, made in the course of a suit, may be entered on the minutes, and may be appealed from, if they produce an irreparable injury, although not signed. 12 La. 148. Code of Practice, art. 544.

Upon the first ground for dismissal, we are of opinion, that the judgment is only interlocutory, and does not produce an irreparable injury. The order of the court of the 4th of March, 1844, directing Copland to deliver the transfer warrant to the sheriff, does not, in our opinion, in any manner fix the liability of the garnishee, as it does not order him to pay any sum to the plaintiffs, nor find that he is indebted to the defendants in any amount, but simply orders him to deliver over a transfer warrant, which, he says, in his original answer, was pledged as a collateral security, for a debt due to the bank in Philadelphia, where the evidence of it is held. It would appear, from the course pursued by the plaintiffs' counsel, that they did not consider that order of much force or validity, as they subsequently endeavored to obtain another judgment against Copland, which attempt was not finally acted on when this appeal was taken.

We are of opinion that the appeal is premature; that the questions as to Copland's liability, are still unsettled and open; and, when finally decided, that an appeal can be taken by either party, and their rights finally settled.

*Appeal dismissed.*