## J H. Watson v. C. M. Simpson.

A writ of attachment in the case of *an absentee* is not a remedy incident to a main action, but is the foundation of the action ; and an order setting aside the attachment terminates the suit, unless an appeal is taken from it.

An appeal from an order setting aside an attachment in the case of an absentee, if taken within the legal delay of ten days, will have the effect of suspending the execution of the judgment; and an appeal bond for costs only is required for such an appeal.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Race & Foster,* for plaintiff. *Durant & Hornor,* for defendant and appellant.

Cole, J. *John H. Watson* instituted suit by attachment against *C. M. Simpson.*

*John M. Gould & Co.,* the present appellants, became security on the defendant's bond given to the Sheriff to release the property attached, binding themselves in the sum of seven thousand dollars, to pay the plaintiff whatever judgment should be rendered against the defendant, conditioned " that if the defendant shall satisfy such judgment as may be rendered against him in the suit, then this obligation to be void, or else, to remain in full force."

Final judgment having been obtained against the defendant, execution issued, and after due demand, the writ was returned " no property found."

Thereupon, the securities were called into court on a rule to show cause why they should not pay the amount of judgment, to-wit, the sum of $4,613 51, with interest, rendered in the original suit against defendant, their principal on the bond, for whose indebtedness they had become security.

From judgment upon this rule, condemning them to pay the amount of judgment rendered against the defendant, the securities have appealed.

The principal ground urged for a reversal of the judgment upon the rule is, that plaintiff's writ of attachment was quashed by an interlocutory judgment, from which no appeal suspending its execution was ever taken.

That said judgment became, as to appellants, final and definitive after the lapse of ten days. That the judgment quashing the attachment in fact annulled the bond given by the defendant, with appellants as his securities, for the release of the attached property.

It appears to us, that even if the appeal taken by plaintiff from the interlocutory judgment was not suspensive, but devolutive, still that the bond remains in force in the present case.

The bond was in the place of the goods that had been attached, and after the rendition of the interlocutory judgment setting aside the attachment, and the termination of the time for a suspensive appeal, neither appellants in the present suit nor the defendant in the original suit, their principal upon the bond, moved the court to dissolve the bond ; no judgment was ever rendered, which annulled the bond.

Upon the appeal from the interlocutory judgment quashing the attachment, this court reversed the judgment and reinstated the attachment.

Note.—The above opinion was rendered by Justice Cole in December, 1859, and the case was subsequently tried upon a re-hearing in June, 1860.

WATSON
*v.*
SIMPSON.

The interlocutory judgment being executory, but never having been executed by moving to quash the bond; and as the bond remained in existence at the moment the judgment of this court was rendered, reversing the interlocutory judgment and reinstating the attachment, it is clear, that the bond, which is in the place of the goods attached, remains in its full vigor. Even if the effect of the interlocutory judgment quashing the attachment was to annul the bond given for the release of the goods attached, yet, as that judgment was never executed by having the bond canceled, the judgment of the District Court, which held the securities liable, is correct.

We must not be considered as deciding that appellants had the right to have the bond quashed, after the rendition of the interlocutory judgment, from which a devolutive appeal only was taken, and that the reversal of the interlocutory judgment by this court would not have reinstated the bond. Upon this point we express no opinion. It should also be observed, that the present case differs from that of *Love, Savage & Co.* v. *McComas & Cloon*, 14 An. 201. In that case, an interlocutory judgment had been rendered, more than two years previously to the appeal upon the final judgment in the case, and no appeal had been directly taken from the interlocutory judgment.

Judgment affirmed, with costs of appeal.

MERRICK, C. J., concurring. I concur in the decree, but think the court had the right to revise the interlocutory orders on the appeal from the final decree, and having that right, the defendant and his sureties are bound by the decree of this court.

An appeal to this court, whether suspensive or devolutive, would be idle, unless the court had the power to deprive the erroneous decree of its injurious effects.

LAND, J., dissenting. A proceeding by attachment, under our laws, is a proceeding *in rem*, and constitutes a main or principal action, because it may be intituted for the recovery of a debt, and prosecuted to final judgment and execution, without personal citation to the debtor. And when carried on as a proceeding *in rem*, a decree dissolving the attachment operates a dismissal of the action, unless the execution of the decree is arrested by a suspensive appeal within the delay prescribed by law.

When a proceeding by attachment is cumulated with a personal action, that is, accompanied with personal citation to the defendant, it does not lose its character of a proceeding *in rem*, because, although the dissolution of the attachment does not involve a dismissal of the personal action, yet it *does operate a dismissal of the action against the thing itself*, that is, the property attached, unless the execution of the decree is arrested by a suspensive appeal within the legal delay. Hence it is, that a decree dissolving a writ of attachment, although cumulated with a personal demand, is held to be in the nature of a final judgment, and to work an irreparable injury, unless suspended by appeal. Why does such a decree work an irreparable injury? It is because the decree becomes executory, after the lapse of ten days from its rendition, the seizure under the writ of attachment is released by operation of law, the property ceases to be in the custody of the Sheriff under the writ, or subject to any further order of the court in the suit. In other words, it is because the proceeding by attachment is decided against the plaintiff, and the decree is executed by a return of the property to the defendant, which in his hands is subject to alienation, or other disposition, as though the writ of attachment had never issued.

WATSON<br>v.<br>SIMPSON.

Where the property attached has been bonded, the bond represents and stands in the place of the property; and where the attachment is dissolved, the decree has the same effect upon the bond, that it has upon the property itself; that is to say, the seizure is released by operation of law, the bond ceases to be in the custody of the Sheriff, under and by virtue of the writ of attachment, or subject to any further order of the court in the suit. In other words, the bond is canceled by operation of law under the decree dissolving the writ of attachment, and no judgment is necessary, pronouncing its cancellation. As a suspensive appeal was not taken from the decree dissolving the writ of attachment, in the case in which the attachment bond in question was given, and as the decree, consequently, had its legal effect upon the bond, I am of the opinion that the plaintiff has no right of action on it, for the reasons above stated.

It is true that all interlocutory orders, from which no appeal lies, are brought up to the appellate court, with the appeal from the final judgment, and may be revised and corrected, on such appeal, whether the same be suspensive or devolutive. But a decree dissolving a writ of attachment is only *in name an interlocutory order;* it is, in *substance* and *effect, a final judgment,* and such I understand the doctrine to be, announced in the case of *Love, Savage & Co.* v. *McComas & Cloon,* 14 An. 201.

Rights acquired in the execution of a judgment from which no suspensive appeal has been taken, are not divested by a subsequent reversal of the judgment. *The right,* which the surety acquired by the execution of the decree dissolving the writ of attachment, *was his release from the bond,* and the subsequent reversal of that decree, *did not divest the right thus acquired.*

The decree of the District Judge in the case of *Love, Savage & Co.* v. *McComas & Cloon,* so far as it declared the attachment bond canceled and annulled, was, in my opinion, mere surplusage, because the bond was canceled, by operation of law, under the decree dissolving the attachment.

For these reasons, there should be, in my opinion, a judgment in favor of the defendant, the surety on the attachment bond.

---

## SAME CASE—ON A RE-HEARING.

DUFFEL, J. A re-hearing was granted in this case for the purpose of reconsidering the reasons of our first decree; and we are of opinion, after having well considered the subject, that our judgment should be based on different grounds.

The doctrine is well established, that " persons, out of the State, can only be made amenable to our tribunals by having their property attached. A writ of attachment duly executed stands in the place of a citation." *Schlatter et al.* v. *Broaddus et al.,* 4 N. S. 430 ; *Favrot* v. *Delle Piane,* 4 An. 584. Hence a writ of attachment is not, in the case of an absentee, a conservatory act, a remedy, an incident to a main action ; but is, on the contrary, the very foundation of the action, and stands in the place of a citation in ordinary cases. Hence it follows, as a natural consequence, that an order setting aside an attachment terminates the suit, and is a finality, unless appealed from. The operation of such a judgment, whether styled interlocutory or final, can only be stayed by an appeal, as its immediate effect is to cause an irreparable injury to one of the parties—C. P. 566 ; and the fact, that the defendant brought himself within reach of a personal

WATSON
v.
SIMPSON.

judgment by his appearance, does not destroy the effect of the interlocutory judgment, or suspend its operation, unless appealed from within the legal delay.

The rule taken on the plaintiff, to show cause " why the attachment herein issued should not be set aside, and the bond given for the release of the property, canceled and annulled," having been made absolute, the attachment was thereby, and by mere operation of law, set aside, and the bond canceled, without the necessity of any addition. *Love, Savage & Co.* v. *McComas & Cloon,* 14 An. 201.

It is however contended, that the appeal taken from the above interlocutory order was not suspensive, but devolutive, by reason of the appeal bond being only for $500. The judgment, it must be observed, was signed on the 27th of November, 1857 ; the appeal was taken on the same day, and the appeal bond was filed on the 30th day of the same month and year.

The appeal, therefore, having been taken, and the bond filed within the delay required to suspend the execution of the judgment, must have that effect, unless the bond be insufficient. C. P. 575.

The judgment was not a moneyed one ; the defendant had the custody and control of all the property attached ; he had, besides, the obligation furnished by the plaintiff, on obtaining the writ of attachment, to cover all damages—C. P. 245 ; wherefore, under the authority of the case of *C. Blanchin* v. *Steamer Fashion,* 10 An. 345, and the cases therein cited, we conclude that a bond for costs only could be required, and that the bond given was ample for such an object.

It is, therefore, ordered, adjudged and decreed, that the judgment heretofore rendered by this court remain undisturbed.

MERRICK, C. J.   For the reasons given in my original opinion, I concur in the decree.

LAND, J., absent.