41  284
44   89

## No. 10,320.

### WICKMAN & PENDLETON VS. W. T. NALTY.

A judgment dissolving an attachment is an *interlocutory* decree which, to be effectually appealed from, need not be signed by the judge.

The law requires the signature only of *final* or *definitive* judgments, which pass upon the merits of a controversy and which may constitute *res judicata*.

The taking of steps in the course of proceedings, conducive to a final judgment on the merits, after the dissolution of a conservatory writ, cannot be set up as an acquiescence in the dissolving decree.

An agreement, after seizure of property attached, that the sheriff shall sell summarily and retain the proceeds until final judgment, debar the defendant from insisting on a dissolution of the writ.

APPEAL from the Ninth District Court, Parish of Concordia.
    *Young*, J.

*Steele & Dagg* for Plaintiff and Appellant:

1.  The attachment bond is sufficient if it be identified, either by its recitals or indorsements, with the petition.

2.  If the allegations of the original petition are sworn to, and are sufficient to authorize the issuance of the writ, there is no necessity of filing a supplemental petition, nor of making another affidavit, in order to obtain an *alias* writ.  4 R. 194; 5 La. 298; 32 Ann. 76.

3.  When property attached has been sold by the sheriff, under an agreement between the parties to the suit, that the proceeds shall remain in the sheriff's hands "until final judgment," the defendant cannot take advantage of an irregularity in the writ of attachment, and thereby relieve himself of the said stipulation of the agreement.

4.  There is no law in Louisiana which prescribes a form for a writ of attachment.  When the sheriff is commanded to seize a sufficiency of defendant's property to pay and satisfy plaintiff's claim, the law is complied with.  C. P., Art. 239.  The writ must be construed in connection with the pleading.  See 4 M. 313; 3 N. S. 7; 7 La. 406, 413; 14 Ann. 704; 15 Ann. 573; 24 Ann. 296; 35 Ann. 41.

*Luce & Lemle* for Defendant and Appellee:

#### ON MOTION TO DISMISS.

1.  The judgments should have been signed.  22 Ann. 16; 23 Ann. 262, 400; 28 Ann. 451; 35 Ann. 388, 505; C. P. 546; 15 Ann. 711; 14 Ann. 201; 28 Ann. 826.

2.  Plaintiffs having acquiesced in judgments of lower court cannot appeal.  18 Ann. 59, 264; 22 Ann. 105; 28 Ann. 743.

3.  There are two separate and distinct judgments, and only one order and one bond of appeal, which are in no way identified with either judgment.  35 Ann, 1178.

Wickman & Pendleton vs. Nalty.

### ON MERITS.

1.  There is no merit in the pleas of estoppel.
    Estoppel should be specially pleaded.  33 Ann. 748 and authorities cited.
2.  An attachment bond is fatally defective if it does not contain mention of the person, or the property against which the writ issued.  35 Ann. 725.
3.  The recitals of an attachment bond should show unmistakably and without the aid or need of extraneous proof, what or whose property is to be attached.  35 Ann. 725.
4.  An insufficient description of the parties or the suit will vitiate the bond.  Drake on attachment, 5 edition, p. 131, Sec. 129.
5.  If the bond is not entitled is must be quashed.  English and American Encyclopædia of Law, p. 906.
6.  The recitals of the bond on which the first writ of attachment was issued does not show the style or number of the suit; does not describe the parties or suit in which it is filed and does not show what or whose property is to be attached.
7.  There was no order for the writ of attachment to issue on the 28th of September.  The writ should have been preceded by the necessary affidavit showing a necessity for the writ to issue at that time and an order of court for the writ to issue.  4 Ann. 584; C. P. Art. 243.
8.  The writ should state the amount for which the levy is made, according to what is set forth in the affidavit.  American and English Encyclopædia of Law, Vol. 1, p. 910; 5 Black (Ky.) 227; Page vs. Beet, 17 Mo. 263; Drake on Attachment, 5th edition, p. 190, Sec. 190; 42 Barbour 413.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The appellee contends that the appeal should be dismissed, *because* the judgment appealed from is unsigned and *because* the appellant has acquiesced in it.

I.

This judgment is one dissolving an attachment under which defendant's property was seized.

It appertains to the class of judgments or decrees, known as *interlocutory*, which are pronounced on preliminary matters, in the course of the proceedings and which do not decide on the merits.   It does not belong to the other class of judgments, technically termed *definitive* or *final*, which decide all the points in controversy, between the parties, which constitute *res judicata* and become executory, after signature.   C. P. 538, 539.

The law requires that the judge shall sign all *definitive* or *final* judgments — C. P. 546; but it does not exact this formality as to interlocutory judgments.

In the case of Cary vs. Richardson, 35 Ann. 505, this court took pains to establish the pointed differences which exist between *interlocutory* and *final* judgments.   A reference to that decision, establishes, beyond dispute, that this first ground is of no avail in the present instance.

## II.

There can be no doubt that, if the appellants have acquiesced in the judgment appealed from, they can have no standing here to question its correctness.

Appellee claims that, *because*, after the judgments dissolving the attachments had been rendered, "plaintiffs have proceeded in the lower court, taking defaults, forcing an answer and pleading and trying pleas as against defendants and intervenors," "in the ordinary manner, *     *     *     they have acquiesced in the judgment of the lower court and abandoned the appeal."

Surely, the persistance by legal proceedings, of plaintiffs to have their rights recognized and enforced for the payment of the sum claimed, can not serve as a foundation for a charge of acquiescence. It has not been shown and it cannot be conceived, how it can be deduced from any of the acts stated, that the plaintiffs and appellants have admitted the correctness of the judgment, or have ratified it, so as to divest themselves of the right of having it reviewed on appeal. None of those acts could have authorized the sheriff to release the property attached. Had the plaintiffs done anything, from which it could have been inferred that they had sanctioned or acknowledged the propriety of the judgment and which, in itself, would have justified the sheriff in turning over the property seized, to the defendant, — quite a different question would have been presented. 40 Ann. 628. But such not being the case, the second ground of the motion to dismiss is likewise untenable.

The motion is denied.

## ON THE MERITS.

The defendant has set up different reasons to obtain the dissolution of the attachments issued in the case; but the plaintiffs, now, in their turn, charge that the defendant cannot be permitted to question the validity of the merits attacked, *because*, since the seizure was effected, the defendant, together with the intervenors or third opponents and the seizing creditors, have agreed that the property seized would be summarily sold by the sheriff and the proceeds retained by him, until final judgment, and that the defendant shall have the right to bond said property, on furnishing satisfactory security to the plaintiffs.

This agreement, voluntarily entered into, was evidently designed to accomplish at least some of the purposes for which the attachment was obtained and issued, namely: The seizure and sale of the property of the defendant and the subjection of its proceeds to the judgment to be rendered in the case. By entering into it, the defendant, to all appear-

ances, has acquiesced in the process against him and abdicated all rights, if any he had, to contest its propriety.

More than this, the parties litigant may be deemed as consenting to waive all legal proceedings, otherwise necessary to realize the goods, as perishable and costly to keep and as substituting their will thereto, leaving otherwise matters and things in *statu quo*.

The consent was eminently conservative, one which the parties could give and did give, and one which has operated beneficially to those concerned in the property.

Clearly, after entering into such an agreement, the defendant ceased to have any interest in procuring the dissolution of the attachment, for the plain reason that on the court dissolving the writ, the sheriff would have had no authority to release the property, as he unquestionably had a right to detain it and dispose of it, under the consent.

The dissolution could do defendant no good and it has done him none.

The agreement was in evidence on the trial of the rule to dissolve and effectually debarred the defendant from questioning the validity of the process against him and his property.

It is, therefore, ordered and decreed that the judgment or decree appealed from be reversed, and it is now ordered and adjudged that the rule to dissolve the attachment herein be discharged, at appellee's costs in both courts.