(64 South. 495.)

No. 20,010.

STATE NAT. BANK v. WINN.

(Feb. 2, 1914. Rehearing Denied March 2, 1914.)

*(Syllabus by the Court.)*

Attachment (§ 213*)—Pendency of Rule to Dissolve—Effect of Main Action.

The right to institute and prosecute a suit for the recovery of a sum of money, and to obtain judgment therefor, is not dependent upon, and has no necessary connection with, the right to obtain a writ of attachment, save in cases where the defendant is sued as a person beyond the jurisdiction of the court, and who is to be brought into court only by means, and to the extent, of his property, which the sheriff may take into his possession by virtue of such writ. Hence, where the defendant resides within the jurisdiction of the court, and is brought into court by personal or domical service, the pendency of a rule to dissolve an attachment constitutes no obstacle to the trial of the case on its merits, or to the entering and confirming of a judgment by default.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 213.*]

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Alfred M. Barbe, Judge.

Action by the State National Bank against Hezekiah Winn on promissory note. From a judgment for plaintiff, defendant takes devolutive appeal. Affirmed.

Cline, Cline & Bell, of Lake Charles, for appellant. J. Sheldon Toomer, of Lake Charles, and W. E. Gorham, of Jennings, for appellee.

Statement of the Case.

MONROE, J. On March 22, 1913, plaintiff brought suit against defendant on a promissory note, made by him to its order, and caused a writ of attachment to issue, under which certain movable property was seized. On April 29th following defendant filed a pleading, reading, in part, as follows:

"Comes the defendant, and, before pleading to the merits as to the writ of attachment sued out herein, with respect, represents."

Then follows an "exception" to certain paragraphs in the affidavit for attachment, on the ground that they disclose no cause of action; then a "plea" that plaintiff is estopped to allege, as in certain other paragraphs of the affidavit, the absence or concealment of defendant; then, reserving the benefit of the foregoing, defendant denies, in toto, the truth of the affidavit; and he finally alleges that the attachment was wrongfully issued, and that he has thereby been damaged, and prays for judgment dissolving the attachment, and condemning plaintiff on that account. The pleading contains no allusion to the merits of plaintiff's demand on the note, and judgment by default was entered thereon, which, in due time, was confirmed. Thereafter defendant moved to set aside said default and confirmation, on the ground that his exceptions to the affidavit for attachment and his motion to dissolve the writ were pending when the default was entered, and that the confirmation thereof—

"was contrary to law and the evidence, as being based upon the premature entry of a preliminary default."

The motion so made having been overruled, defendant obtained an order for a devolutive appeal from the main judgment, which is the matter now before this court.

## Opinion.

Defendant was sued as a resident of the parish, and the sheriff's return shows that citation and copy of the petition were served at his domicile therein. The judgment appealed from is silent as to the writ of attachment, the motion to dissolve which had not been disposed of up to the time that the appeal was taken. The right to institute and prosecute a suit for the recovery of a debt, and to obtain judgment therein, is not dependent upon, and has no necessary connection with, the right to obtain a writ of attachment, save in a case where the defendant is sued as a person beyond the jurisdiction of the court, and who is to be brought into court only by means, and to the extent, of his property, which the sheriff may take into his possession by virtue of that writ. The right to obtain a judgment for money depends upon the evidence of the existence vel non of the indebtedness. The right to obtain and maintain a writ of attachment, which shall hold the property of the defendant, in order that it may be there to respond to the judgment which the plaintiff may obtain after he shall have been heard upon the merits of his case, and shall have administered his proof, depends upon whether the defendant is alleged and proved to have mortgaged, assigned, or disposed of his property, with a view of defrauding his creditors, or of giving an unfair preference, or to have concealed himself, in order to avoid citation, etc. Whether, therefore, the debt sued for is due, and plaintiff is entitled to judgment, constitutes the merits of the case, and the merits of an ordinary case cannot be put at issue and tried on a rule to dissolve an attachment, which is a proceeding whereby

134 LA.—21

the defendant is authorized to put at issue and test, in a summary manner, the sufficiency of the grounds relied on by the plaintiff, not for the bringing of an ordinary suit, but for invoking an extraordinary remedy in aid of such suit. The law upon the subject is well settled in this and other jurisdictions. Fisher & Taylor v. Hood, 2 Mart. (O. S.) 113; Turner v. Collins, 1 Mart. (N. S.) 372; Macarty v. Lepaullard, 4 Rob. 425; Miller v. Chandler, 29 La. Ann. 88; Herrmann & Vignes v. Amédée, 30 La. Ann. 393; Stover v. Hession, Man. Unrep. Cas. 394; 4 Cyc. "Attachment," II, A. 3, p. 398, and note 10.

We therefore conclude that the pendency, in this case, of the rule to dissolve the attachment constituted no obstacle to the trial of the case on the merits, and that plaintiff was within its rights in entering and confirming the judgment by default.

The judgment appealed from is accordingly affirmed.

PROVOSTY, J., being absent on account of illness, takes no part.