## MOTOR FINANCE CO., Inc., v. LYNN.
### No. 4311.

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

J. B. Crow, of Shreveport, for appellant.

Malcolm W. Feist, of Shreveport, for appellee.

CULPEPPER, J.

The trial judge has explained fully the nature of this controversy and his rulings in his written opinion filed in the record, which we shall copy as follows:

"This is a sequestration suit, having been filed on December 23, 1931. On January 6, 1932, defendant filed a motion to dissolve the writ of sequestration on the ground that there was no affidavit, as required by law in that (a) the pretended affidavit is not signed by an individual, and (b) according to the certified copy of the petition and pretended affidavit served on mover, no one was sworn by any officer permitted by law to attest affidavits.

"Under the rules of this Court, the motion to dissolve came up for a hearing on Monday, January 11, 1932, at which time counsel for mover requested that he either be permitted to offer in evidence the copy of petition and affidavit served on defendant or the motion be fixed for the taking of evidence. This the Court refused for the reason that paragraph 'b' of the motion did not set forth any legal ground for dissolution, and evidence would not be admissible. Our reason for doing this was that the writ was based on the original petition, affidavit and order, and it made no difference, so far as the writ was concerned, whether a true copy had been served.

"On the other point raised in the motion, it was submitted on brief to be filed under the rules of Court which allowed three days. No brief has yet been filed. We see no merit in the motion and it is overruled.

"On January 9th, a regular motion day, plaintiff entered a preliminary default on the merits. On January 11th, defendant filed in the Clerk's office a motion to set aside the preliminary default on the ground of the pending motion to dissolve the writ. Under the rules of the Court this motion to set aside was read out in open court at the next regular motion hour 'which was Wednesday, January 13th. This was done a few minutes after 10 A. M., the regular convening hour, at which time counsel for plaintiff invoked the rules of the Court and requested that the motion to set aside be heard at the conclusion of motion hour, which request was granted. The rule of Court invoked by plaintiff reads:

" 'In all cases where an exception or plea is offered to be filed and the right to file such plea is contested, the right to file may be determined on the date filed, and if it be determined that the exception or plea cannot be filed, opponent may on the same day take such orders as he would have been entitled to take had such offering not been made, and in event the filing is allowed and it is a second exception or plea it shall be considered as hereinabove set forth.'

"It was almost twelve o'clock before the Court found time to hear the motion at which time counsel for defendant objected to taking it up, which objection was overruled, and we think correctly. The motion was then heard and overruled for the reason that the motion to dissolve the writ not involving the merits of the case in any way, did not prevent the entering of a preliminary default on the merits.

"Immediately, counsel for plaintiff requested that he be permitted to confirm his default on the merits. Counsel for defendant objected and the objection was overruled, at which time he requested that he be granted time to prepare an answer and file it, which request was refused. If he had requested that he be permitted to file an answer this would have been granted under Court Rule No. XIII, the pertinent part of which reads:

" 'In no instance shall counsel for defendant be denied the right to file an answer in

open Court, should an attempt be made to prove up a case on default.'

"The defendant had from 10 o'clock to 12 o'clock in which to prepare an answer, and to have granted him further time would have defeated the evident purpose of the Rule we first quoted.

"Plaintiff then confirmed his default on the merits, and a judgment was signed to that effect.

"On January 15th defendant filed a motion reading:

" 'Now into Court, through his undersigned counsel, comes the defendant in the above styled and numbered cause, and moves and prays the Court to set aside the judgment herein rendered on alleged confirmation of default on January 13, 1932, for the reasons and causes following, to-wit:

" 'That the preliminary judgment by default theretofore entered on January 9, 1932, was so taken and entered after defendant had filed his motion to dissolve the writ of sequestration, and while said motion was still pending and untried and undisposed of.

" 'That said confirmation of default was permitted by the Court to be made over the opposition of counsel for defendant based on the ground that not only was a motion for the dissolution of the writ of sequestration pending and undisposed of, but that defendant had also filed a motion to set aside the preliminary judgment by default, which was not called up and disposed of until Wednesday, January 13, 1932, just a few seconds before the alleged confirmation of default was made, and that, at that time, counsel for defendant objected to the proposed confirmation of default and asked for time within which to prepare and file an answer or other pleadings, which request was denied by the Court.

" 'That the judgment rendered on confirmation of default was premature and based upon a premature judgment by default.

" 'That said judgment was based upon insufficient evidence and on incorrect returns of the Sheriff on citation in that it was recited that a copy of plaintiff's petition had been served upon defendant, which was not true for the reason that no true copy of the petition was ever served on defendant, since the jurat to the affidavit of the alleged treasurer and manager of plaintiff was not signed by a notary public, or, at least, the same was not filled out on the copy served on defendant, as shown by the certified copy of said petition which is attached hereto and made a part hereof, and that said confirmation of default, therefore, is null and void.

" 'Wherefore, defendant prays that the said judgment rendered on confirmation of default be set aside and declared with no effect, or, in the alternative, that a new trial be granted defendant herein, and for all other necessary orders and decrees, and for general and equitable relief.'

"This motion was regularly placed on the calendar for argument on Monday, January 18th, on which day counsel for mover failed to appear, and the motion was submitted by plaintiff, and defendant granted three days to file a brief, which has not been done to this day.

"On Saturday, January 23d, counsel for defendant, at a regular motion hour, stated that the reason he was not present on the preceding Monday was that, in his opinion, the motion presented questions of fact on which evidence would have to be introduced, and it was therefore improperly set for argument. This question was thereupon fixed for a hearing on Monday, January 25th, and it was presented on that day and submitted on brief to be filed, which under the rules of this Court, was three days. Again counsel has filed no brief.

"If it was necessary to hear evidence on the motion, then we should set aside the hearing of Monday, January 18th, and order the motion set down for the taking of testimony.

"Article I of the motion sets forth only matters of record in this case, of which the court can take judicial notice.

"The same may be said of Article II of the motion.

"Article III of the motion sets forth no facts.

"Article IV of the motion does set forth facts which it would be necessary to prove, but it is contended that such facts would not be admissible in evidence as such would not furnish grounds for the relief sought.

"If the judgment was based upon insufficient evidence, that would furnish ground for appeal and not for nullifying the judgment; as a motion for a new trial it does not set out any specific facts upon which evidence could be introduced.

"If a true copy of the petition was not served on defendant, then if that point was not waived by the proceedings taken in this case, we should take evidence on it.

"While we know of no specific decision on the point, it seems to us plain that such is a proper ground for an exception dilatory in character and must be pleaded in limine litis and it is now too late to set it up.

"We therefore think there was no necessity for the taking of evidence, and the matter was properly one for argument only."

. We have carefully considered these explanations given by the trial judge, the rules of his court, and the procedure followed by him, and we can see no grounds for error. The learned trial judge has explained fully and in detail each successive step taken, all of which appears to be correct and proper.

■ ■ The motion to dissolve the writ of sequestration did not involve the merits; hence its pendency could not interfere with or retard the entering of a preliminary default. State Nat. Bank v. Winn, 134 La. 639, 64 So. 495; Swift & Co. v. Leon Cahn & Co., 151 La. 837, 92 So. 355.

■ For the same reason, after the motion to set aside the default was disposed of, the way was open under the court's rules for confirmation of the default. The above-cited cases are authority under the law as to plaintiff's right to proceed with the case upon the merits.

■ As to the request of counsel for defendant to be given time in which to file an answer, the judge states that, had counsel requested permission to file his answer, instead of asking for time in which to prepare one, the court would have permitted it under rule No. XIII of the court, which would have been correct under the law. Code Prac. art. 317. As pointed out by the judge, defendant had from 10 o'clock until 12 in which to prepare an answer, and to have granted further time would have defeated the evident purpose of the first mentioned rule. Code of Practice, article 316, provides that: "When the defendant appears, he may pray for further time to answer, and the court may grant a further delay, if necessary for the purposes of justice."

It would seem that granting delay for answering is within the discretion of the court in the interest of justice. Evidently the judge could see no good reason to delay plaintiff in proving up the default; neither do we see any.

The motion to dissolve the writ of sequestration appears never to have been previously passed upon, but the issues therein involved were tried and finally disposed of by the court in the trial of defendant's motion to set aside the judgment; and the judge, we think, at that time finally and correctly disposed of all of the outstanding and undisposed issues in the case.

■ The want of citation and service of the full and completed petition and affidavit attached, if it in fact were incomplete, was waived by defendant's appearance by motion to dissolve the writ. Whatever was lacking in the copy which was served on defendant must have been due to an oversight on the part of the clerk, for the original petition in the record shows the usual affidavit and order attached, and there is no question but that the writ of sequestration was properly issued. These were the two grounds of error alleged on in the motion to dismiss. They were incorporated into the motion to set aside the judgment, were passed upon by the court under the latter motion, and correctly overruled. In the court's judgment of February 6, 1932, both the motion to dissolve the sequestration and the one to set aside the judgment were formally overruled. This finally put an end to all of the questions involved, both upon the merits and as touching the legality of the issuance of the conservatory writ.

We think the judgment appealed from is correct, and it is therefore affirmed.