1 So.2d 88

**PITTMAN v. LILLY.**

No. 36092.

March 3, 1941.

Christovich & Kearney, of New Orleans, for plaintiff-appellant.

E. A. Carmouche, Jr., of Lake Charles, and J. R. Land, Jr., of New Orleans, for defendant-appellee.

FOURNET, Justice.

George E. Lilly (defendant-appellee), whose property was seized under a writ of attachment issued pursuant to the petition of Theodore A. Pittman (plaintiff-appellant), wherein it was alleged that defendant, who was a nonresident of this state, being a resident of the County of Harris, State of Texas, was indebted to the plaintiff in the sum of $6,051.15, moved to dissolve the writ of attachment on the ground that he was a bona fide resident of the State of Louisiana. After hearing the evidence on the trial of the motion the trial judge dissolved the writ of attachment, and plaintiff was granted a suspensive appeal from the judgment returnable to this court upon his furnishing bond in the sum of $25. After the appeal was lodged here the defendant filed a motion to dismiss the appeal on the grounds (1) that the record fails to disclose any irreparable injury to plaintiff resulting from the interlocutory judgment appealed from; (2) that since the defendant was personally served with processes in this case there can be no legal

presumption of irreparable injury for the reason that proceedings could be continued against the defendant in personam; and (3) that the attachment and appeal bonds furnished in these proceedings are deficient.

■■ It is the settled jurisprudence of this state that an interlocutory judgment which releases property from attachment· may be appealed from. Laverty v. Anderson, 4 Mart., O.S., 606; Hyde v. Jenkins, 6 La. 427; Love, Savage & Co. v. McComas & Cloon, 14 La.Ann. 201; Watson v. Simpson, 15 La.Ann. 709; Wickman & Pendleton v. Nalty, 41 La.Ann. 284, 6 So. 123; Bayne v. Cusimano, 50 La.Ann. 361, 23 So. 361; and Stanford v. Bischoff, 159 La. 892, 106 So. 371. The fact that the defendant in this suit has been personally served with citation and copies of the pleadings, in addition to the posting of copies of the writ and citation as provided by Article 254 of the .Code of Practice, does not defeat the right to the writ of attachment nor the right to appeal from the judgment dissolving the same. Swift & Co., Ltd., v. Leon Cahn & Co., 151 La. 837, 92 So. 355. See, also, Watson v. Simpson, 15 La.Ann. 709; Wickman & Pendleton v. Nalty, 41 La.Ann. 284, 6 So. 123; Bayne v. Cusimano, 50 La. Ann. 361, 23 So. 361; State ex rel. Fitzpatrick-Cromwell Co. v. Ellis, 106 La. 715, 31 So. 313; and State National Bank v. Winn, 134 La. 639, 64 So. 495.

In the case of Swift & Co., Ltd., v. Leon Cahn & Co., supra [151 La. 837, 92 So. 357], this court said: "Our system of procedure would be infirm indeed if a plaintiff, whose attachment has been summarily dissolved, and who has appealed suspensively,

should be in the predicament of having either to relinquish his appeal or else wait until final judgment on the appeal before proceeding to take judgment on the main demand against his debtor. There can be no reason for such a rule. * * *"

■ In support of the last ground urged for the dismissal of the appeal, defendant argues that the plaintiff is attempting to utilize the attachment issued primarily on the grounds of the nonresidence of the defendant as an ancillary remedy to an action in personam, hence the bond of $250 fixed by the court is inadequate, since the property attached is valued at $8,000, and, likewise, the appeal bond in the sum of $25 does not comply with the requirements of the Code of Practice.

It is provided by Act No. 112 of 1916, Section 9, that "no appeal shall be dismissed, * * * on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished supplemental or additional bond, or surety or sureties, as hereinabove provided." Section 3 of the Act, as amended by Act No. 284 of 1928, designates the procedure which must be followed by the one contesting a bond furnished by a litigant in connection with any judicial proceeding as described in Section 2 of the Act, and provides further that " * * * should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial

days thereafter, to furnish a new bond * * *." See Irish Levy Electric Co. v. Moss, 176 La. 882, 147 So. 22; Harnischfeger Sales Corp. v. Sternberg Co., 177 La. 373, 148 So. 440; Hammond State Bank & Trust Co. v. Hammond Box & Veneer Co., 177 La. 849, 149 So. 498; Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7; and Succession of Uthoff, La.Sup., 200 So. 290, handed down February 3, 1941.

For the reasons assigned the motion to dismiss is overruled.

LAND, J., recused.