| 37 | 53 |
| 48 | 705 |

### No. 9215.

HAWKINS & ROBERTS VS. FERDINAND BEER.  E. FORRESTIER, INTERVENOR.

The five days lien on agricultural products in favour of the vendor exists whether the sale was made for cash or on credit, and is enforcable after the produce has gone into the possession of third parties under a *bona fide* sale equally as well as while it is in possession of the original vendee. Gumbel v. Beer, 36 Ann. 484, reaffirmed.

In a suit for produce or its value accompanied by a sequestration based on a defective affidavit, when the defendant fails or refuses to object to the affidavit or to take advantage of its defects, the intervenor is powerless to avail himself of them. He cannot complain of irregularities which the defendant has condoned.

The sole change in the intervenor's status made by the Act of 1876 is to enable him to bond the sequestered property.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*T. J. Semmes & Payne* and *W. S. Benedict* for Plaintiffs and Appellees.

*Miller & Finney* and *Henry Renshaw, contra.*

The Opinion of the Court was delivered by

MANNING, J.  On April 29, 1882, Forestier the intervenor contracted with the defendant Beer for the purchase of three hundred and fifty bales of cotton of a stipulated grade, and paid him cash down fifteen thousand dollars as an advance on the price and on May 1st following fifty two hundred dollars additional.  On May 2d. the plaintiffs sold to Beer three hundred and thirty eight bales for cash payable on delivery, and gave Beer's broker on same day an order on the Press for its delivery, and the broker transferred this delivery-order at once to For-

estier's broker in part fulfillment of Beer's contract with Forestier. On May 3d. Forestier's broker presented this order to the Press and received the cotton which was weighed and shipped, Forestier obtaining the bill of lading on the 4th, Beer had not paid the plaintiffs and they sequestered the cotton on the 5th. on shipboard.

The petition alleged that Beer had absconded and a supplemental petition prayed a writ of attachment also. A curator *ad hoc* was subsequently appointed to represent him, but Beer filed an answer in his own person or it was filed for him at a later stage and before trial. But before that, viz on May 6th. Forestier intervened claiming 272 bales under Beer's sale to him and contesting the existence of the plaintiff's lien and praying the restoration of them to his possession as owner. This suit concerns these 272 bales alone. The plaintiffs' seizure of them was released to the intervenor on his bond, but upon trial the plaintiffs' lien was maintained and they had judgment for $14,074.15 with interest, from which the intervenor alone appeals.

The appellant's counsel cites a number of decisions which he construes as asserting that the five days lien does not exist upon produce sold for cash after it has been transferred to a third party, but these decisions and the whole legislation and jurisprudence upon that matter have lately been reviewed by us in Gumbel v. Beer, 36 Ann. 484, where we held that the lien exists whether the sale was made for cash or on credit, and is enforcable after the produce has gone into the possession of third parties under a *bona fide* sale equally as well as while it is in the possession of the original vendee. Renewed examination confirms the correctness of our ruling upon that question and the elaborateness with which it was treated in that opinion renders any further discussion superfluous.

The question here is of a different character. The affidavit of the plaintiffs' upon which the sequestration issued is confessedly defective. Neither it nor the petition states or alleges any fear of removal, concealment, or disposal of the property, nor is there any averment complete enough to sustain a sequestration. The defendant did not except or object to the informality but pleaded the general issue alone. The intervenor moved to dissolve the writ on sundry grounds of insufficiency of the affidavit which, if set up by the defendant, would unquestionably have been good, and so the point at issue is the intervenor's right to question the sufficiency of the plaintiffs' affidavit when the defendant has failed or refused to do it.

An unbroken line of authorities denies him this right. That line begins with Lee v. Bradlee, 8 Mart. 55, where the court say a claimant has surely no right to show any irregularity in the suit in which he intervenes, for it is none of his business whether the plaintiff, the court, and the Sheriff have been acting legally or not. In West v. Creditors, 8 Rob. 123 it was said an intervenor cannot urge any irregularities in the suit nor plead exceptions having for their object the dismissal of the action, and in Yeatman v. Estill, 3 Ann. 222, that it was no longer competent for an intervening party to object to the mode in which a writ had been executed, and this was repeated in Fleming v. Shields, 21 Ann. 118 and Carroll v. Bridewell, 27 Ann. 239.

But all these decisions were made prior to the legislation of 1876 which for the first time gave intervenors the right to bond property that had been sequestered or otherwise seized by any of the conservatory writs, Sess. Acts p. 92, and all but the last were made prior to the Act of 1870 which prescribed that the bond should be made payable to the clerk. Sess. Acts 1871, p. 18. The intervenor relies upon these two Acts as authority for doing now that which was theretofore denied him, and insists that this legislation has revolutionized the relations of intervenors to suits and conferred upon them a new status.

It is impossible to find any warrant in these Acts for such pretensions. The first was merely a change in the form of the bond in one particular, promoting convenience by making the clerk the obligee and of necessity enabling every one injured by the process to have recourse on the bond. The clerk is simply the representative of the collective interest that have been or may be aggrieved. Whether an intervenor has not the right to object to the sufficiency of the bond is a matter not now before us, and we say nothing about it.

As little can the later Act be said to have changed the attitude of an intervenor save in the special matter that forms the subject of that change. Hitherto he could only contest the right of the plaintiff or of the defendant or of both, but could in no wise interfere with the action of the writ. By that legislation he was enabled to take the property out of the clutch of the writ and in that respect a new power was conferred upon him but his status was not otherwise altered.

An unanswerable reason for this construction lies in this. A familiar rule is that judicial construction of statutes becomes incorporated in them. This line of authorities already cited had established that intervenors could not take advantage of irregularities and inform-

alities of sequestration process, and this inability, was written into the law. If the legislature had intended to relieve intervenors of this disability, the hardship of which must have been apparent before then, it would not have stopped short at merely giving them the right to bond.

And the bond he does give is not as onerous as that required of the defendant. It is merely a forthcoming bond, Meyer v. Fletcher, 35 Ann. 878, and as we restricted his liability under the bond to the terms of the statute, we cannot construe that legislation as enlarging his powers beyond the single right then newly conferred. He cannot complain of sins the defendant has condoned.

Judgment affirmed.

Rehearing refused.

### DISSENTING OPINION.

TODD, J. I think since the change of the law allowing intervenors to bond property sequestered in their possession, and the law directing sequestration and other bonds for conservatory writs to be made payable to the clerk for the benefit of all parties intended, that an intervenor in such case can interpose all objections to the legality or sufficiency of the bond and to the regularity of the proceedings under which his property has been seized that the defendant himself could do.

I therefore dissent.