(67 South. 823)

Nos. 20643 and 20552.

LAYMAN v. SUCCESSION OF WOULFE
(THOMPSON, Intervener).

(Feb. 23, 1915.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬅️460—SUSPENSIVE
APPEAL—BOND.

A suspensive appeal cannot be maintained
on a bond where the amount thereof was not
fixed by the judge, except in cases of judgments
for sums of money where the amount is fixed
by law.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2217–2226, 2245, 2246;
Dec. Dig. ⬅️460.]

2. PARTIES ⬅️47—INTERVENTION—RIGHT TO
COMPLAIN.

Interveners cannot complain of informali-
ties or defects in the suit or proceeding between
the original parties, nor to the form of action.

[Ed. Note.—For other cases, see Parties, Cent.
Dig. § 74; Dec. Dig. ⬅️47.]

Appeal from Civil District Court, Parish
of Orleans; Porter Parker, Judge.

Proceedings by L. M. Layman against the
Succession of M. P. Woulfe, wherein Harry
A. Thompson intervened. From a judgment
dismissing the injunction procured and a
judgment dismissing a suspensive appeal, in-
tervener appeals. Affirmed.

James McConnell, Jr., of New Orleans, for
appellant. Titche & Rogers, of New Orleans,
for appellee. Dinkelspiel, Hart & Davey, of
New Orleans, for appellee Louis Knop, Civil
Sheriff.

LAND, J. Plaintiff sued out executory
process on two notes executed by Maurice J.
Woulfe and secured by vendor's privilege and
special mortgage as shown by act of sale
purporting to have been passed before a no-
tary public and two witnesses.

One Harry A. Thompson filed an interven-
tion in said executory proceedings, coupled
with an injunction against the sale of the
property, based on allegations substantially
as follows:

That intervener was the holder and owner
of two certain promissory notes identical in
date, amount, and tenor with the two notes
sued on by the plaintiff, and identified by
the paraph of the same notary with the
same act of sale. .

That said act of purchase and mortgage
was not an authentic act, importing confes-
sion of judgment, because neither the ven-
dee and mortgagor, Maurice P. Woulfe, nor
James Jameson, one of the two alleged sub-
scribing witnesses, ever appeared before E.
P. Cousin, notary, nor subscribed their names
in his presence; "said act being therefore
unauthentic, and availing only as a private
writing."

That the mortgage notes held by the inter-
vener are secured by mortgage and vendor's
lien upon said property through the said
private writing, although said act has not
the force of an authentic act.

That the plaintiff, alleging himself to be
the owner of the two mortgage notes de-
scribed in said act, obtained an order of ex-
ecutory process, under which the sheriff had
seized the mortgaged property, and advertis-
ed the same for sale.

That said proceedings, and seizure and in-
tended sale, are illegal and unauthorized by
law, because said act is not ·in authentic
form and does not import a confession of
judgment.

Intervener prayed for judgment perpetu-
ating the injunction and for costs and all
general and equitable relief.

Plaintiff excepted to the petition of in-
tervention on the ground that it disclosed no
valid or legal cause of action.

Plaintiff, reserving the benefit of his ex-
ception, answered that the notes held by the
intervener, together with the notary's signa-
ture and paraph thereon, were false and
forged. Plaintiff prayed for judgment dis-
solving the injunction with damages, and
dismissing the demand of the intervener at
his costs.

No evidence was adduced, and the case seems to have been submitted on the face of the pleadings.

There was judgment dissolving the writ of injunction, reserving the rights of all parties.

[1] Record No. 20648 appertains to the dismissal of intervener's suspensive appeal in the court below. The appeal was properly dismissed, because the amount of the bond for a supersedeas was not fixed by the judge, and the law fixes the amount only where the judgment is for a sum of money. Code of Practice, arts. 574, 575; Succession of Lynch, 124 La. 127, 49 South. 1002.

Plaintiff annexed the notes sued on to his petition. Intervener does not allege that said notes were forged, but, as the alleged holder of duplicate notes secured by the same mortgage, sought to arrest the seizure and sale of the property on the sole ground that the act of mortgage was not, as it purports to be, passed before a notary and two witnesses. The representatives of the succession of the deceased vendor and mortgagor, defendants herein, have made no objection to the proceeding, via executiva.

It has been held that interventions are not allowed in proceedings via executiva; and that third persons must assert their rights in direct actions. Chambliss v. Atchison, 2 La. Ann. 488. This case was cited and applied to other summary proceedings in Bank of Louisiana v. Delery, 2 La. Ann. 649, Succession of McCarty, 5 La. Ann. 435, and State ex rel. Bienvenu v. Wrothnowski, 17 La. Ann. 159; and was differentiated in the case of Brugier v. Miller, 114 La. 423, 424, 38 South. 404, where it was properly held that an opposition claiming ownership of the thing seized, or an opposition claiming a privilege on the proceeds of the thing seized, is allowable in executory proceedings under the text of article 396 of the Code of Practice. But in the case at bar the intervener does not claim ownership of the property seized, and his assertion of a privilege on the proceeds of the property would not have entitled him to an injunction.

[2] It is settled beyond dispute that an intervener must take the suit as he finds it, and cannot complain of the form of action, or of informalities or defects in the proceedings between the original parties. See Code of Practice, art. 389, Garland's Notes (D). One of the cases cited is that of a defective affidavit on which a writ of sequestration had issued. Hawkins & Roberts v. Beer, 37 La. Ann. 55.

Both judgments appealed from are affirmed.