(70 South. 331)

No. 21687.

RUPPERT v. FONTENOT, Sheriff, et al.

In re RUPPERT.

(Nov. 29, 1915.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞465—APPEAL BOND—DETERMINATION OF AMOUNT.

Appeal bonds must be fixed, as to the amounts thereof, by the district judge, where the judgment appealed from is not for a specific sum.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2235–2240; Dec. Dig. ☞465.]

Action by Christian Ruppert against Louis Fontenot, sheriff, and others. Injunction dissolved, and plaintiff applies for a writ of mandamus ordering the district judge to fix the amount of bond for a suspensive appeal. Ordered that alternative writ be made peremptory and that the amount of bond be fixed.

M. I. Varnado, of Crowley, for relator. Wm. Campbell, Judge of the Eighteenth Judicial Court, Parish of Acadia, of Crowley, in pro. per.

SOMMERVILLE, J. Relator asks that a mandamus issue to the district judge ordering him to fix the amount of the bond for a suspensive appeal in this case, where the appeal was taken from an order dissolving an injunction, which had been obtained by him, staying executory process against his property.

The injunction obtained by relator was without bond, under provisions of articles 739 and 740, of the Code of Practice. The injunction was subsequently dissolved on motion of the plaintiff in the executory proceedings. Relator appealed and the court fixed the bond for a suspensive appeal "in accordance with law," and for a devolutive appeal at $150. The judge, on application made to him, refused to fix the amount of the suspensive appeal bond.

The law fixes the amount of bonds where suspensive appeals are taken at "a sum exceeding by one-half the amount for which the judgment was given, if the same be for a specific sum"; but, where there is no judgment for a specific sum, as in this case, the law does not fix the amount of the bond, and it is the duty of the judge to fix it.

There is no law which requires a plaintiff in injunction, who has given a bond to secure the damages which may be sustained by the defendant, or who is dispensed by the law from giving bond, to furnish an additional appeal bond for the purpose of securing the amount of the debt. State v. Judge, 19 La. 167; State ex rel. Stackhouse v. Judge, 21 La. Ann. 152; State ex rel. Williamson v. Judge, 30 La. Ann. 314; State ex rel. Vial v. Judge, 36 La. Ann. 910.

Relator has appealed from a decree condemning him to pay the costs of the suit; and the bond required to suspend the execution of that decree cannot be measured or fixed by the amount of the mortgage note, or by reference to the order of seizure and sale, from which no appeal has been taken.

The only judgment which can be reviewed by this court on the appeal taken by the appellant is the one rendered against him. And the only judgment which may be rendered against him will be one affirming the one appealed from; with, possibly, damages and costs. The debt enjoined is secured by the property under seizure or mortgage.

It is the duty of the judge to fix the

amount of bond for a suspensive appeal in this case.

It is therefore ordered, adjudged, and decreed that the alternative writ of mandamus issued in this case be made peremptory, and respondent is ordered to fix the amount of bond for the suspensive appeal taken by the relator in the case of Christian Ruppert v. Louis Fontenot, Sheriff, et al., No. 4447, on the docket of the eighteenth judicial district court for the parish of Acadia.