MONROE, C. J.
This suit was dismissed, by the judge of the First city court, on exception, at the cost of the plaintiff, who was thereupon granted an appeal, in accordance with the following motion and order, prepared and filed by her counsel, to wit:
“On motion of Mrs. B. Rozan * * * through her attorneys, * * * and on suggesting, * * * and that mover desires to appeal, suspensively and devolutively, therefrom, it is ordered * * * that mover be granted a suspensive appeal, returnable * * * upon mover furnishing bond, with good and solvent surety, according to law.”
A bond for $25 was furnished, and, the appeal having been lodged in the Court of Appeal, the appellee moved that it be dismissed, on the ground “that there is no order herein by the judge a quo fixing the amount of the bond, as is required when an appeal is taken by plaintiff.” And the appeal was dismissed.
Counsel for plaintiff (relator here) say, in their brief:
“The only question before your honors is whether or not a plaintiff can appeal suspensively from a judgment of nonsuit, rendered by the First city court.”
In cases originating in the city courts, appealed to the Court of Appeal' and reaching this court by means of writs of review, reasons not being ordinarily assigned for the judgments complained of, we may at times be at a loss to determine the precise question, the decision of which constituted the basis of a judgment. In this instance, we take it that the question decided by the Court of Appeal was, not whether plaintiff was entitled to a suspensive appeal, nor whether the bond furnished by her was sufficient in amount or conditioned as the law requires, but whether (the amount not having been fixed by the judge) it can be regarded as a bond at all within the meaning of the law requiring a bond to sustain the appeal.
The jurisprudence of this court is well settled to the effect that in cases appealable from the district courts, to which article 575 of the Code of Practice is inapplicable, the amount of the bond' must be fixed by the judge; otherwise the appeal will be dismissed, for want of a bond.
Barker v. Voorhies, 6 Mart. (N. S.) 315; Slater v. Bank, 12 Rob. 187; Untereiner v. Miller, 29 La. Ann. 435; Bank v. Legendre, 35 La. Ann. 792; Day v. Bailey, 116 La. 961, 41 South. 223; Gottieb, etc. v. Cohn, 128 La. 697, 55 South. 21; Layman v. Succession, 136 La. 767, 67 South. 823; Ruppert v. Fontenot, 138 La. 375, 70 South. 331. That jurisprudence is predicated upon the peculiar phraseology of article 575, to the effect that an appeal will stay the execution of a judgment rendered by a district court, and otherwise appealable, when the party seeking the appeal furnishes a bond, conditioned, as pre> scribed, “for a sum exceeding by one-half the amount for which the judgment was given. *749 if the same be for a specific sum,” from which it follows that, if the judgment sought to be appealed from is not for a “specific sum,” article 575 is inapplicable, as determining the amount of the bond upon which a suspensive appeal may be allowed, and such relief must be sought under some other article, or articles.
Applying that deduction in the instant case, it is evident that a judgment dismissing a suit at the cost of the plaintiff is not a judgment for a specific sum, and hence that no provision for an appeal therefrom is to be found in article 575. In other articles, under the same title, provision is made to the effect that appeals, suspensive or devolutive, may be allowed upon bonds for such amounts as may be fixed by the trial judge. O. P. arts. 574, 576-578.
From which it also follows that, if the right of appeal in this case were governed by article 575, or the other articles mentioned, it would have been forfeited for noncomplianee with either of these articles, and. would not be saved by anything in Act 112 of 1916, which provides, not for the giving of a bond when no bond authorized by law was given, but for the correction of errors, inaccuracies, and omissions in the substitution of sureties upon, and the supplementing of, bonds given under legal authority, but defective in' certain particulars.
Plaintiff’s rights, however, are not governed by the articles or the jurisprudence to which we have referred, since the articles are found in that part of the Code of Practice the provisions of which, ex vi terminorum, of article 124, are confined in their application to the regulation of appeals from the district courts (there being now no parish courts or separate courts of probate jurisdiction) ; whereas, the matter of appeals from judgments rendered by justices of the peace (and the city judges in New Orleans) is regulated by articles 1128 to 1138, inclusive, which are found in another part of the Code- and under the title, “Of Proceedings before Justices of the Peace.” Article 1131, as amended and re-enacted by Act 97 of 1916, declares that no appeal from a judgment rendered by a justice of peace shall stay execution “unless [other requirements being also complied with] the appellant shall execute his bond * * * for a sum exceeding by one-half times the amount for which the judgment was given, conditioned that he shall pay such sum as shall be awarded against him on appeal.” The proviso, “if the same [meaning the judgment] be for a specific sum,” as contained in article 575, is not to be found in article 1131, and the fact that the judgment, as in this case, may be merely for the costs to which the appellee may have been, or by reason of the appeal may thereafter be, subjected, and the amount of which is to be ascertained, might, possibly, in particular cases, make it difficult to determine the amount for which the bond should be given; but the difficulty would be no greater in such case for the appellant than for the judge; and in the ordinary run of cases, from a justice of peace court, would notarise at all. In the instant ease, the appellee has been subjected to no costs, and is awarded none by the judgment appealed from, save a few cents, probably, charged for the filing of his exception; and the bond, as given, is conditioned for their payment if the judgment appealed from should be affirmed. In any event, the amount of the costs (and the appellant was condemned for nothing else) is easily ascertained, and the bond for $25 would appear to more than comply with the law in that respect, but, if not, the remedy was to be found under Act 112 of 1916. Article 1132 (as re-enacted by Act 46 of 1910) declares that:
“If the appellant will not or cannot give security as.provided for in article 1131, * * * the justice of the peace shall allow him to ap *751 peal, if he executes his bond in the appellees favor * * * in a sum to be fixed by the said justice of the peace, sufficient to pay costs; but in this case the appeal shall not stay execution.”
In the instant case, it appears that the appellant could, and did, give the security as provided for by article 1131; hence, the condition contemplated by article 1132 did not arise.
, It is therefore ordered that the judgment here made the subject of review* be annulled, the motion to dismiss the appeal overruled, and the case reinstated upon the docket of the Court of Appeal, and proceeded with according to law and to the views expressed in the foregoing opinion, the cost of this application to be paid by the defendant and appellee.
PROVOSTY, J., dissents.
DAWKINS, J., concurs in the decree.
O’NIELL, J., concurs in the decree, on the ground that section 9 of Act No. 112 of 1916 is applicable to this case.