No. 550

First Circuit

RICHARD ET AL. v. HORECKY

(May 6, 1930. Opinion and Decree.)

John W. Lewis and George K. Perrault, of Opelousas, attorneys for plaintiffs, appellants.

Medlenka, Bruner & Chambers, of Crowley, attorneys for defendant, appellee.

MOUTON, J. In April, 1920, E. H. Richard and his mother, Mrs. H. P. Richard, formed a commercial co-partnership with Conrad C. Horecky and Alphonse H. Arceneaux, denominated the Richard-Horecky & Co., domiciled in Church Point, Acadia parish.

In December, 1922, E. H. Richard and his mother, Mrs. H. P. Richard, bought the interest of Conrad C. Horecky and Arceneaux in the partnership, including stock, furniture, notes, open accounts, rights, credits, etc. Plaintiffs allege that among the assets so purchased was an open unpaid account amounting to $443.69 due by John Horecky, defendant, a merchant living in Church Point.

Mrs. H. P. Richard died after making this purchase with E. H. Richard of part of the co-partnership, as before alleged. E. H. Richard, with the children and grandchildren of Mrs. Richard, his co-heirs, have instituted this suit against John Horecky on this alleged unpaid account of $443.69, annexing to their petition the general account of defendant with the firm, in which this balance is shown.

In the answer filed by defendant he denies the account alleged against him or that he owes it.

Further, defendant avers that he is a wholesale merchant in Church Point; that from May, 1920, to October, 1922, he sold and delivered to the Richard-Horecky & Co. a large quantity of merchandises, receiving in partial payment produce and returned merchandises; that about October 1, 1922 the firm of Richard-Horecky Company gave him a note of $2,410.33, with collaterals, in full settlement of the debt due him by the firm; that he subsequently received a credit of $147 which he applied on the note; that in December, 1922, the firm of Richard-Horecky Company became financially embarrassed, and effected a compromise with him of its indebtedness on the basis of 65 per cent on the dollar, which he accepted in full settlement of his note of $2,410.33 that had been reduced to $2,262.74 by the amount of $147, which he had credited on it, as before stated; and that he surrendered to the firm all the collaterals he held as security, thus effecting a full settlement with the firm.

In the alternative he pleads that, if the court holds he has not had a full settlement with the firm, he then contends that the plaintiffs are in debt to him for merchandise sold to the Richard-Horecky Company in the sum of $375.10 which was not credited on the account sued upon; also for $202.94 for items for which his records fail to show delivery, and which he denies to have received, leaving a balance in his favor of $134.35 due him by plaintiffs.

## ON MOTION TO DISMISS

The district judge rendered judgment rejecting the demand of the plaintiffs, and

likewise the defendant's reconventional demand.

Plaintiffs have appealed, as has also the defendant on his reconventional demand.

Plaintiffs' counsel contends that the motion to dismiss the appeal was filed too late by the defendant to entitle him to a dismissal of their appeal, even if there be legal grounds therefor.

Article 886, C. P., which refers to motions to dismiss appeals, and to answers to appeals, says, when the record has been filed in the Supreme Court, the appellee must file his motion or answer within three days therefrom.

In the case of Scheen vs. Hain, 141 La. 606, 75 So. 427, the record was filed September 4, 1915, and the motion to dismiss September 30, 1915. The court held the motion to dismiss was filed too late, and refused to dismiss the appeal, citing C. P. art. 886, to which we have referred also. Walker vs. Sauvinet, 27 La. Ann. 314; Webb vs. Keller, 39 La. Ann. 55, 1 So. 423.

Here the record in the main suit was filed September 25, 1929; and another record where defendant appeals was filed October 3, 1921, whilst the motion to dismiss plaintiffs' appeal was filed in this court on October 23, 1929, certainly far more than three days from the filing of either of the two records. Under C. P. art. 886, and the decisions cited, the motion was obviously filed too late, unless defendant can find relief under the provisions of Act No. 103, 1908, p. 161, where it provides, in reference to Courts of Appeal, that the answers to appeal shall be allowed filed before argument within the first three days of the actual sittings of any regular session of said courts.

This amendatory act refers to cases covered by the provisions of article 890, C. P., where there is no reference to a motion to dismiss as provided for in article 886, hereinabove cited. Act No. 103 of 1908, nor any other statute, of which we are aware, has made any changes to article 886, C. P., which requires, as held by our courts, that a motion to dismiss should be filed within three days from the filing of the record or transcript in the appellate court. It is well settled that the right of appeal, a constitutional one, should be liberally construed, and we hold that as a necessary consequence a motion to dismiss an appeal, to be effective, must be brought within the provisions of the law. In the instant case it was filed too late, and must be denied.

## ON THE MERITS

The evidence shows in this case that the firm of Richard-Horecky Company had been doing an extensive business with defendant, who was a wholesale and retail merchant in Church Point. In October, 1922, a settlement of accounts was effected between the firm and defendant, in which the firm gave defendant its note for $2,410.33 for the balance of its debt to defendant. After that settlement, defendant applied a credit of $147.59 on the note, thus reducing it to the sum of $2,262.74.

In December, 1922, the firm became financially embarrassed, and made a compromise with defendant, paying 65 per cent to defendant on its debt, which was represented by this note of $2,262.74, and which was secured by collateral obligations. When this settlement was effected, the collaterals were also surrendered to the firm.

In their petition plaintiffs have made no reference to that settlement, and restricted themselves to a claim for $443.69, which they alleged was due them by defendant

on an open unpaid account, which they had acquired through their deceased mother from the defunct firm. The defendant came into court, pleaded the original settlement by which the firm had recognized its debt to him for $2,410.33, represented by a promissory note, and had subsequently paid $147.59 on that note which had thus been reduced to $2,262.74 on a compromise basis of sixty-five cents on the dollar; and, in the alternative, if the court did not recognize that a full settlement had been effected, in that event defendant tendered a plea of set-off, alleging that on this plea a balance of $134.35 would be found due him by plaintiffs.

If the parties fell into an error in making that settlement, the burden of proof was upon plaintiffs to show wherein this error existed. In other words, and to be more specific, plaintiffs were required to show that, when these notes were given and settled by the firm, an unpaid account of $443.69 had been omitted from consideration in that settlement. It was not incumbent on defendant to show that no such error had been committed, and that in the settlement he had paid that account, if any such existed.

The proof shows that Conrad C. Horecky, who had been a partner in the firm, was also its bookkeeper and manager, and was the one who had executed the note in favor of defendant, and had made the settlement, as above stated. Basing himself on these facts, counsel for plaintiffs seems to intimate that Conrad C. Horecky took advantage of this situation, and, with the connivance of defendant, his father, purposely left out the account sued upon in effecting the settlement.

It is shown that in the final settlement the reduced note of $2,262.74 was paid for on a 65 per cent basis per dollar, and that it was at that time secured by collaterals and which appear to have been valid in so far as the record discloses. It is therefore shown that in the settlement on that basis defendant was losing on his secured note a sum of money far in excess of the $443.69, which plaintiffs contend was intentionally or fraudulently kept out of the compromise. We have no doubt that, if Conrad C. Horecky or his father had known, or even had thought, that there was any such account due by him to the firm, it would have been included in that settlement, and a discount of 65 per cent would have been made on the balance which would have remained due on the note after proper deduction for the amount of this alleged unpaid account.

Counsel for plaintiffs says that in another suit, contemporaneous with the present litigation, Conrad C. Horecky has been found guilty of fraud, collusion, and embezzlement. No proof to support that statement is in this record. Even if that be true, we cannot see for what reason Conrad Horecky would have been induced to omit the account plaintiffs are claiming from the settlement where his father was allowing a discount on the note in a much larger amount than is the sum now claimed against his father and which could then have been included in the compromise.

In order to arrive at the conclusion that such a fraud was committed, it must be held that the defendant, John Horecky, was a participant therein as he was the debtor, if there was then existing against him such an unpaid account. There is, however,

no proof whatsoever in this record that defendant is not an honorable man, and there was no cause that we can see why he should have been prompted to omit that account in the compromise he effected with his son, then the manager and representative of the Richard-Horecky firm.

The proof shows that Conrad Horecky gave a check of the firm to defendant for $1,499.55, in payment of the note for $2,262.74.

In testifying in reference to this payment, E. H. Richard, one of the plaintiffs and former partner in the firm, says that at the time this payment was made he knew nothing about the books of the firm. He says, however, that the payment of the 65 per cent was intended as a settlement in full of all the transactions between the firm and defendant. He says he thereafter employed an auditor to audit the books. The record shows that C. W. Hanna was the auditor employed. The auditor, after an examination of the books, reported his finding of this unpaid account for the recovery of which this suit was brought.

Hanna, the auditor, knew nothing about the settlement to which we have hereinabove referred. He based his conclusions on a comparison of the ledger accounts of defendant, and of the firm, also on items that appeared on McCaskey slips he found in the store of the firm. There is an amount, for instance, of $294.12 charged to defendant for which the auditor admits he did not have slips to represent some of the items therein included. He said that there were only two items for which he had no slips as far as he remembered, but he qualified this statement by saying he could not swear to that. The claim of the plaintiffs is based on accounts which the auditor got as best he could, and which, as a result,

leaves the claim in much doubt, obscurity, and uncertainty when taken in connection with the evidence of the defendant.

Counsel for plaintiffs refers to C. C. art. 2232, which says, when a party claims he has been exonerated from an obligation, he must prove the payment or the fact which has produced the extinction of the obligation. Plaintiffs in their petition skillfully avoided any reference to the settlement between the firm and defendant, and now claim that the account upon which they sue was left out of consideration in that compromise. If they had referred thereto as a foundation for their cause of action, it is evident that the burden of proof would have fallen upon them to establish the alleged error or deception upon which their demand is necessarily grounded.

The defendant, however, interposed the plea of compromise and settlement, and from the evidence the truth of the transaction was fully revealed, thus imposing upon plaintiffs the duty of carrying this burden of proof.

Counsel for plaintiffs insists here that this plea of settlement by compromise is really one of payment. Conceding, for the sake of argument, that the defense was in reality one of payment, we find that the settlement between plaintiffs and the firm was made without concealment, fraud, or artifice, constituted a full compromise and settlement of the mutual claims of the respective parties, and left no grounds for the claim herein made which is not sustained by the evidence.

The court rejected the claim of the plaintiffs and defendant's demand, which find to be legal, just, and equitable, and the judgment is therefore affirmed.