## TYLER v. PHILLIPS ET AL.

—

(January 11, 1932. Opinion and Decree.)

—

James J. Landry, of New Orleans, attorney for plaintiff, appellant.

Prowell, McBride & Ray and W. P. Mouton, of New Orleans, attorneys for defendants, appellees.

### ON MOTION TO DISMISS

JANVIER, J. Appellee moves to dismiss the suspensive appeal on the ground that "appellant has filed no legal bond for a suspensive appeal." The order granting the appeals required that the amount of the bond for the suspensive appeal be fixed "according to law."

The judgment appealed from was one of dismissal. It was not a judgment for a sum of money, and therefore the amount of the bond to be given in connection with the suspensive appeal should have been fixed by the judge who granted the order of appeal.

"The law fixes the amount of the bond for a suspensive appeal only where the judgment is for a sum of money." Braun et al. v. Veillon et al., 166 La. 564, 117 So. 719, 720.

"The jurisprudence of this court is well settled to the effect that in cases appealable from the district courts, to which article 575 of the Code of Practice is inapplicable, the amount of the bond must be fixed by the judge; otherwise the appeal will be dismissed, for want of a bond." Rozan v. Villere, 147 La. 746, 85 So. 899, 900.

See, also, Barker v. Voorhies, 6 Mart. (N. S.) 315; Slater v. Bank, 12 Rob. 187; Untereiner v. Miller, 29 La. Ann. 435; Union Nat. Bank v. Legendre, 35 La. Ann. 792; Day v. Bailey, 116 La. 961, 41 So. 223; Gottlieb, etc., v. Cohn, 128 La. 697, 55 So. 21; Layman v. Succession of Woulfe, 136 La. 767, 67, So. 823; Ruppert v. Fontenot, 138 La. 375, 70 So. 331.

As stated in Rozan v. Villere, supra, "that jurisprudence is predicated upon the peculiar phraseology of article 575." See, also, C. P., art. 574.

. Counsel for appellant concedes that, since the order granting the appeal did not fix the amount of the suspensive appeal bond, the appeal (suspensive) was subject to dismissal; he contends, however, that that right to move for dismissal was lost because of appellee's failure to file such motion within three days of the day on which the transcript of appeal was filed in this court.

It is true that many motions to dismiss appeals, such as this, have been denied because filed too late. Richard v. Horecky, 13 La. App. 507, 128 So. 177; Scheen v. Hain, 141 La. 606, 75 So. 427; Walker v. Sauvinet, 27 La. Ann. 314; Webb v. Keller, 39 La. Ann. 55, 1 So. 423; C. P., art. 886.

But, in the case at bar, it appears that, although the motion to dismiss was filed more than three days after the lodging of the transcript, it was filed within three days of the return day, as fixed in the order of appeal; appellant having lodged the transcript prior to the said return day.

Article 886 of the Code of Practice allows to the appellee three days within which to file his answer to the appeal and on this article and on article 589 is based the jurisprudence which requires that motions

to dismiss, such as this, be filed within three days. It will be noted that under both of these articles the three days referred to are not those following the actual lodging of the transcript or record, but the three days following the time fixed for the filing thereof. Under article 589 the three days are those "After the time allowed for the appellant to file the record," and under article 886, the three days allowed are those following the time fixed in the citation of appeal. The time allowed for the appellant "to file the record" is the return day and not any earlier day on which appellant may see fit to file it. Likewise the time fixed in the citation of appeal is the return day as set forth in the order of appeal. Where the appeal is taken by motion and there is no citation of appeal, the time allowed appellee is nevertheless three days from the return day.

To permit an appellant, by filing a transcript of appeal before the return day, to substitute for the three days permitted by law to an appellee to answer or to move to dismiss another and an earlier three-day period would place upon an appellee the duty of maintaining constant daily supervision and scrutiny of court records to the end that he might be advised immediately upon the filing of a transcript prior to the return day at the risk of being deprived of his right to answer or to move to dismiss the appeal. Such was not intended by the framers of our Code of Practice.

In a syllabus written by the court in State ex rel. Continental Supply Co. v. Fontenot, Sheriff (Dalby, Intervener), 152 La. 912, 94 So. 441, we find:

"A motion to dismiss an appeal is within the legal delay if filed within three days after the time allowed the appellant to file the transcript, and that delay is not affected by the filing of the transcript before the return day."

In the body of that opinion the court said:

"The motion to dismiss, having been filed within three days after the return day, was within the legal delay, to-wit, 'within three days after the time allowed for the appellant to file the record.'"

The motion to dismiss the suspensive appeal is granted, and the suspensive appeal is dismissed, at the cost of appellant.