## STATE v. COMUS CLEANERS.
### No. 14167.

Court of Appeal of Louisiana. Orleans.

May 2, 1932.

Wm. A. West, Jr., of New Orleans, for appellant.

Chas. J. Rivet, of New Orleans, for appellee.

### HIGGINS, J.

The appellee filed a motion to dismiss the appeal on the ground that the appeal bond failed to stipulate any amount.

The record shows that plaintiff and appellee obtained a judgment on January 29, 1932, against the defendant for the sum of $56.25, with 2 per cent. interest per month on $18.75 from September 15, 1930, until paid, and 2 per cent. interest per month on $37.50 from March 1, 1931, until paid, together with 10 per cent. attorney's fees. Defendant filed a motion for a suspensive and devolutive appeal and the trial judge signed the order granting the appeal on February 5, 1932, conditioned upon the defendant furnishing bond "with good and solvent security according to law." On the following day the appellant filed an appeal bond which was properly filled in, executed, and signed, except that the blank portion where the amount of the bond should have been stated was not filled in. There is the usual affidavit of the surety in which he swears that he is worth over and above his debts and obligations in seizable assets the sum of $100 and also an affidavit by the principal to the same effect.

Appellee contends that the bond is fatally defective as a suspensive appeal bond because it is not for 1½ times the amount of the judgment as required by article 575 of the Code of Practice, and equally defective as a devolutive appeal bond for it is not for the amount fixed by the court under article 578 of the Code of Practice.

Appellant contends that this imperfection in the bond is a mere omission and that it has the right to correct this error and furnish a supplemental or additional bond under the provisions of Act No. 112 of 1916, § 3, as amended by Act No. 284 of 1928; and that the appellee's remedy was to have filed the necessary proceedings in the trial court to have the defect in the bond corrected under the above statute.

Section 9 of Act No. 112 of 1916 provides:

"Be it further enacted, etc., That no appeal shall be dismissed, nor shall any writ, or other process be set aside on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished supplemental or additional bond, or surety or sureties, as hereinabove provided."

In interpreting Act No. 112 of 1916, the Supreme Court of this state, in Hurry v. Hurry, 144 La. 878, 81 So. 378, refused to dismiss an appeal where the printed form used for the appeal bond was not filled in in the blank spaces for the name of the surety, the date of the bond, the date of the judgment, and the amount of the obligation, holding that the errors and omissions complained of in the motion were covered by the provisions of the statute which gives the appellant the right to correct them by furnishing an additional or supplemental bond.

Since that case was decided, the Legislature of this state passed Act No. 284 of 1928 amending section 3 of Act No. 112 of 1916, in which it is stated that the appellant shall have the right to correct errors as to form or substance in the appeal bond, and then follows this clause: " * * * provided, that should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond; and provided further, that should this new bond be found to be defective in any respect whatever, or the surety or sureties insufficient, the person furnishing such new bond shall not thereafter be entitled to furnish any additional bond."

In the light of the foregoing authorities, it is our opinion that the failure to stipulate any amount or an insufficient amount in the bond is an omission which the above statutes give the appellant the right to correct.

For the reasons assigned the motion to dismiss the appeal is denied.

**Motion to dismiss appeal denied.**