For the reasons assigned, the relief prayed for by the relator is denied at his costs.

193 So. 581

## FOLSE v. DALE et al.

### No. 35605.

Jan. 9, 1940.

Carville & Carville, of Plaquemine, and deLesseps S. Morrison, of New Orleans, for plaintiff and appellee.

M. C. Scharff, of New Orleans, for defendants and appellants.

ODOM, Justice.

On February 15, 1933, the Espoire Realty Co., Inc., obtained a money judgment for $3,500, plus interest and costs, against Mrs. Jennie Maestri Dale et al. The judgment recognized and ordered the enforcement of a certain mortgage executed by Mrs. Jennie Maestri Dale in favor of C. V. Calamia, recorded in the mortgage records of Orleans Parish. This judgment was transferred to the plaintiff in this case by a written act of assignment dated March 19, 1936. Prior to this assignment, the State of Louisiana obtained a judgment against the Espoire Realty Co. for $49.06, with interest and penalties, the amount being due for delinquent licenses.

On May 20, 1938, the State seized, under a writ of fi fa, the $3,500 judgment rendered in 1933 in the case of Espoire Realty Co. v. Mrs. Jennie Maestri Dale et al., and had it sold by constable of the first city court on July 8, 1938. Lazare Maestri was the purchaser, and the price paid was $125.

Lazare Maestri was later recognized by the court as the owner of the $3,500 judgment and was by the court granted permission to withdraw from the archives of the court the original note and copy of the mortgage which formed the basis of the suit and the $3,500 judgment. Lazare Maestri, having purchased the judgment, made the following notation in the docket book of the Civil District Court: "July 15, 1938, Docket satisfied in full, Lazare Maestri".

Maestri subsequently defaced and cancelled the note and mortgage referred to and had the inscription of the mortgage erased from the records.

The present suit is brought by plaintiff, the assignee of the $3,500 judgment, (1) to revoke the judicial sale of the judgment by the constable of the first city court, (2) to have herself recognized as the owner thereof, (3) to have the written instrument of assignment under which she acquired the judgment recognized, (4) to have declared null and void the declaration entered on the court docket by Lazare Maestri, the adjudicatee, that the judgment had been paid and satisfied, (5) to have declared null and void the cancellation of the mortgage securing the judgment, and (6) for recognition of said judgment and recordation thereof as a general mortgage against any and all property of the judgment debtors.

There was judgment for plaintiff as prayer for. Defendants were granted appeals, suspensive and devolutive, to this court. The judge fixed the suspensive appeal bond at $300 and the devolutive appeal bond at $75. The bonds were made and filed as per his order.

On application of the defendants, we granted two orders extending the time for filing the transcript in this court. The second order extended the time to November 16, 1939, and the transcript was filed on November 15. On Monday, November 20, the appellee filed a motion to dismiss the suspensive appeal on the ground that "no legal or valid bond has been filed herein, in accordance with law, to support a suspensive appeal".

■ Counsel for appellants have opposed the motion to dismiss on the ground that it was filed too late. They say in their brief that the motion comes too late "under the rule that a motion to dismiss an appeal, for causes not relating to appellant's right to an appeal, comes too late if filed after three days from the expiration of the time allowed for the filing of the record in the appellate Court", and they cite a long list of cases supporting the rule.

It is needless to review the cases. It suffices to say that they support the rule. But they do not support the contention made by counsel that the motion to dismiss was filed too late in this case.

The time for filing the transcript in this court expired on Thursday, November 16. In State ex rel. Continental Supply Co. v. Fontenot, 152 La. 912, 94 So. 441, it was held that a motion to dismiss an appeal is filed in time if filed within three days after the expiration of the time allowed for filing the transcript, and that the delay is not affected by the filing of the transcript before the return day.

The latest expression of this court touching this subject is found in the case of

Esparros v. Vicknair et al., 191 La. 193; 184 So. 745.

Appellee therefore had three days after Thursday, November 16, in which to file the motion to dismiss. The third day after Thursday was Sunday, a legal holiday, and for that reason appellee had all of the following day, Monday, in which to file the motion. The motion was filed on Monday, the 20th. Mansur v. Abraham et al., 183 La. 633, 164 So. 421.

The motion in this case was filed in time.

There is no merit in appellee's motion to dismiss the suspensive appeal. The judge fixed the amount of the suspensive appeal bond at $300 by virtue of the authority granted by Article 574 of the Code of Practice. Counsel for appellee argue that, because plaintiff was decreed to be the owner of a money judgment for $3,500, a bond for a sum exceeding by one-half that amount should have been given, under Article 575 of the Code of Practice. They say, in effect, that the judge was not authorized to fix the amount of the bond in a case like this, the amount being fixed by law.

Article 575 of the Code of Practice provides that, if an appeal be taken within ten days after the judgment has been notified to the party cast, it shall stay execution provided the appellant gives his obligation in favor of the clerk of court "for a sum exceeding by one-half the amount for which the judgment was given, * * * if the same be for a specific sum, as security for the payment of the amount of such judgment and interest, with costs, in the case the judgment is affirmed by the court to which the appeal is taken".

The judgment in favor of plaintiff in this case was not given for any "amount". It was not for a "specific sum". The defendants were not found to be indebted unto plaintiff for any amount, nor was it decreed that they should pay plaintiff a "specific sum". It was merely decreed, among other things, that plaintiff "is the owner of a certain judgment in suit entitled 'Espoire Realty Co. Inc. v. Mrs. Jennie Maestri Dale, et al.' No. 197-057 of the docket of the Civil District Court, rendered on February 9, 1933 and signed on February 15, 1933, in the principal sum of $3500.00, with interest, attorney's fees and costs", and further ordered that the recording of said judgment in the mortgage office "be given full force, rank and effect as a general mortgage".

Article 575 of the Code of Practice has no application to an appeal from a judgment of this kind. It has been repeatedly held by this court that the law fixes the amount of the bond for a suspensive appeal only where the judgment is for a sum of money, and that, in cases where Article 575 of the Code of Practice has no application, the judge must fix the amount of the bond. Watson v. Schmidt et al., 172 La. 761, 135 So. 232; Braun v. Veillon, 166 La. 564, 117 So. 719; Ruppert v. Fontenot, 138 La. 375, 70 So. 331; Rozan v. Villere, 147 La. 746, 85 So. 899; Gottlieb-Knox-Amiss Insurance Agency v. Henry Cohn, Jr., Co., 128 La. 697, 55 So. 21; Day v. Bailey, 116 La. 961, 41 So. 223; Widow & Heirs of Beaird v. Russ, 32 La.Ann. 304.

The purpose of a suspensive appeal bond, as provided in Article 575 of the Code of Practice, is to secure the payment of the amount of the judgment rendered. In this case, no judgment for any amount having been rendered by the court, Article 575 of the Code of Practice has no application.

Counsel for appellee rely mainly on the case of Succession of Esteves, 183 La. 274, 163 So. 99. In that case the relator had been appointed administrator of the succession of his father, and a controversy arose between him and the widow of the deceased as to whether certain property listed on the inventory belonged to the succession or to the widow individually. Among the items which the administrator listed on the inventory were certain liberty bonds and a deposit in a New Orleans bank amounting to $2,831.05. The widow of the deceased claimed these items as her separate property. There was judgment in favor of the widow, decreeing her to be the owner of the bonds and the cash. We said that under the judgment rendered the widow was entitled to take possession at once of the bonds and the cash, and that, if the administrator desired to suspend her right to do so, he should have offered to furnish bond in a sum exceeding by one-half the amount for which the judgment was rendered. The judgment referred to was the judgment decreeing the widow to be the owner of the bonds and the cash. The reason we said what we did about the bond was that the judgment was, in effect at least, one for a sum of money. The cash was in the bank, and the liberty bonds had a fixed value. The effect of the decree was that the succession owed the widow a sum of money, the amount of which was definitely fixed by the decree. That case has no application to a case like the one presently before us.

The motion to dismiss the appeal is denied.