94 So.2d 134 (1957)
Elga Joseph GUILLORY, Plaintiff-Appellee,
v.
REIMERS-SCHNEIDER COMPANY, Inc., Defendants-Appellants.
No. 4383.
Court of Appeal of Louisiana, First Circuit.
March 25, 1957.
*135 Ponder & Ponder, Amite, Reid & Reid, Hammond, for appellants.
C. Paul Phelps, Ponchatoula, for appellee.
TATE, Judge.
This appeal is from the award of workmen's compensation benefits to plaintiff Guillory for total and permanent disability.
The accident of January 1, 1954 and the initial disability resultant are not denied. Defendant employer paid compensation to plaintiff for 81 weeks, but resists further liability, allegedly because: (a) the disability from the initial lumbosacral back strain has ceased; (b) even if plaintiff is still disabled, it is due to his failure to lose approximately 50 pounds, since his obesity and poor posture rather than the initial accident are the cause of any residual disability.
Plaintiff had been employed as a gang saw operator in defendant's sawmill for some time before the accident. His duties required the regular performance of heavy lifting.
Dr. Scarborough, general practitioner testifying for plaintiff; Dr. Thames, general practitioner testifying for defendant; and Dr. Bannerman, orthepedic specialist testifying for defendant; all agreed that at time of trial, Guillory was indefinitely disabled for the performance of such heavy duties by chronic lumbar or sacroiliac strain, or by muscular weakness resulting *136 from this original strain, aggravated by Guillory's obesity ("a pendulous abdomen") and his poor posture. The District Court rightly found that the great preponderance of the medical evidence supports a judgment entitling Guillory to workmen's compensation benefits for total and permanent disability.
The period of disability resulting from the initial back strain has been greatly prolonged by plaintiff Guillory's pre-existing and continuing obesity and by his poor posture. This is immaterial as regards liability for workmen's compensation payments during continued disability. "The courts have firmly established the principle that the employer must take the worker as he finds him. The worker who is abnormally susceptible to disability from an accident is entitled to the full protection of the compensation statute," Malone, Louisiana Workmen's Compensation (1951) 278. The employee's disability is fully compensable when precipitated by the industrial accident, even though caused also by a contributing pre-existing or previously dormant physical condition or predisposition, Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625; Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L.R.A.1918F, 862; Michel v. Maryland Casualty Co., La.App. 1 Cir., 81 So. 2d 36.
The record reflects that Guillory has weighed approximately 255 pounds all his adult life, he now being 55 years of age. He claims to have lost 15 pounds over a year as a result of dieting pursuant to doctors' instructions, although the latter wished for him to lose 40-50 pounds and felt he should have lost more. In effect, the defense is that plaintiff's present disability results from his non-cooperation with the medical treatment rather than from the industrial accident.
The burden is upon the employer to prove the defense that the employee's willful failure to cooperate with medical treatment, or his willful misconduct, is the cause of the continued disability, Edwards v. Shreveport Creosoting Co., 207 La. 699, 21 So.2d 878, and the proof to sustain this defense must be "clear, convincing and conclusive," Williams v. Texsun Supply Corporation, La.App. 1 Cir., 47 So.2d 93 99.
There is a complete absence of proof herein as to any willful failure to cooperate with medical treatment. The inference attempted to be drawn from the employee's failure to lose weight is not only contradicted by the employee's heroic loss of some weight from his lifelong norm despite a much more sedentary life, but also by common observation that the Lord Who created some of mankind fat and some lean, also created men with unequal abilities to gain or lose weight, through different metabolisms, degrees of will-power, practical opportunities to follow different diets, etc. Certainly the mere failure to lose weight in accordance with a glib medical recommendation cannot in the light of ordinary observation be characterized as proof of willful failure to cooperate with medical treatment.
By answer to the appeal plaintiff requests allowance of attorneys' fees under LSA-R.S. 22:658 for arbitrary and capricious non-payment of workmen's compensation benefits. This statutory penalty applies only to insurer defendants. The alleged excess insurer of defendant is not a party to this suit, and the relief requested will therefore be denied.
Further, plaintiff prayed for a 10% penalty for frivolous appeal under Article 907, C.P. We do not think the appeal herein so frivolous and totally without merit as to justify such penalty.
Finally, plaintiff-appellee in his answer to the appeal urges that this appeal should be dismissed insofar as it is suspensive, because the defendant-appellant's bond is insufficient. The District Court fixed the bond for the suspensive appeal at $4,500, *137 whereas plaintiff-appellee urges with considerable force that there is no statutory authority for the Court to authorize a suspensive appeal save upon the appellant's furnishing a supersedeas bond in accordance with the literal terms of Code of Practice, Article 575 in an amount equal to one-and-one-half the amount of the judgment (or herein, in the amount of $8,810.70, which is the amount of the weekly compensation for the remaining 319 weeks maximum of total disability, multiplied by one and one-half).
In the first place, "When the appellant gives bond for the amount fixed by the court, the appeal can not be dismissed" on the ground that the bond is insufficient in amount, Elder v. City of New Orleans, 31 La.Ann. 500, at page 501; Succession of Baumgarden, 35 La.Ann. 127. LSA-R.S. 13:4579 provides: "No appeal shall be dismissed * * * on account of any error in the amount of the bond * * * until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished a supplemental or additional bond, or surety or sureties, as provided in R.S. 13:4570 through 13:4580."
Pertinently in the statutory provisions referred to, LSA-R.S. 13:4573 provides that after the deficiency is called to the attention of the person providing the bond, such person has four days within which to furnish a new or supplemental bond. (In the present instance, by rule and notice the appellee notified appellant of its contention that the bond furnished per court order was insufficient to sustain a suspensive appeal; the District Court denied the appellee's motion for a greater bond.) The statute continues that if the party called upon to furnish greater bond "fails to furnish same, the case shall then proceed without any diminuation of the right of the adverse party, or other party in interest, to test the sufficiency of the bond furnished", LSA-R.S. 13:4573.
Plaintiff-appellee urges that upon seeking an increase in the amount of the suspensive appeal bond in the District Court, which motion was denied, he nevertheless has retained his right to question the sufficiency of the bond in this court under the last-quoted statutory provision.[1] This contention is apparently correct, although the subsequent statute provision also seems to be applicable, if this court were to declare the bond insufficient: "Should any bond be declared invalid for any reason whatsoever, the party furnishing such bond, may within four judicial days thereafter, furnish a new bond." Pittman v. Lilly, 197 La. 233, 1 So.2d 88; State v. Comus Cleaners, La.App.Orl., 141 So. 393. See also: Article 898, C.P.,; LSA-R.S. 13:4433; Hays v. Mayer, 117 La. 1067, 42 So. 505; Lerner v. Bischof, La.App.Orl., 189 So. 142.
However, while an answer to the appeal requesting "reversal of any part" of the judgment or greater "damages against the appellant" may be filed any time prior to argument of the case in the Court of Appeal, Article 890, Code of Practice, Michel v. Maryland Casualty Co., La.App. 1 Cir., 81 So.2d 36[2], a motion to dismiss an appeal "on account of any defect, error, or irregularity in the order of appeal, or in the appeal bond, which is not jurisdictional and which does not strike at the foundation of the right of appeal, must be filed within three days after the return day", Pool v. Gaudin, 207 La. 403, 21 So.2d 424, at page 425; Articles 886, 590, Code of Practice; Port Barre Lumber Industries, Inc., v. *138 Dixie Construction Co., 231 La. 494, 91 So.2d 769; Bannister v. Chisesi & Longo, La.App.Orl., 5 So.2d 145; Stovall v. Thomas Lumber Co., La.App. 2 Cir., 189 So. 379; Richard v. Horecky, 1 Cir., 13 La.App. 507, 128 So. 177; Powell Motor Co. v. A. Christina & Bros., Orl., 8 La.App. 174.
The return date of this appeal was December 3, 1956. The answer to the appeal (including the motion to dismiss the suspensive appeal) was not filed until January 23, 1957, prior to argument, and on the first day of the January 1957 session at Amite, but more than three days after the return date of the appeal.
While the total failure to file a bond timely is jurisdictional in nature and may be raised by motion to dismiss after the three days, see e. g., Bannister case above cited (and in fact the Court may dismiss the appeal on such ground on its own motion, Lafayette v. Farr, 162 La. 385, 110 So. 624), our Supreme Court through Mr. (now Chief) Justice Fournet held in Esparros v. Vicknair, 191 La. 193, 184 So. 745, that the error of the trial court in setting a suspensive appeal bond at only $100, and not being attributable to the appellant, was not jurisdictional and is "such a defect or error that the appellee will be presumed to have waived unless such error or irregularity is urged by him in a motion to dismiss the appeal timely filed, within three days" after the final return date of the appeal, 184 So. 746.[3] Therefore, we cannot consider the contention that the suspensive appeal bond was insufficient, since not timely raised by motion to dismiss filed within three days of the return date.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.
NOTES
[1] Unless the appellant has been put in default by proceedings in the trial court, the appellee's motion to dismiss the appeal for alleged insufficiency or irregularity of the appeal bond will not be considered by the appellate court, see authorities cited, Governor Claiborne Apartments v. Attaldo, 227 La. 39, 78 So.2d 502, Smith v. Crescent Chevrolet Co., La.App. 1 Cir., 1 So.2d 421.
[2] Providing it be filed "within the first three days of the actual sittings of any regular session" at any division point, Article 890, C.P.
[3] In this Esparros case, as in the present instance, appellee had unsuccessfully sought by motion to require a greater bond to be set by the trial court than that originally fixed, and the Supreme Court noted that from the judgment of the District Court denying this motion "the plaintiff neither appealed nor applied to this court for writs." Although counsel in brief states that an appeal was taken from the order denying the increased bail, the minutes do not reflect such appeal. The statute does not contemplate suspensive appeals from such judgments, LSA-R.S. 13:4580. In view of the holding herein that this defect not being jurisdictionalmust be raised by motion to dismiss filed within three days after the return date of the appeal, this point is immaterial; although presumably supervisory writs were available to appellee in the event of substantial prejudice.