HARDY, Judge.
This is a suit by plaintiff widow, seeking compensation benefits for the death of her husband allegedly resulting from an accident while engaged in the activities of his employment. From judgment rejecting her demands, plaintiff has appealed.
*506 The facts involved in connection with the accident are practically without dispute. On May 5, 1959, the decedent, Houston Thomas, reported for the beginning of his day’s work in the employ of one E. M. Ashley, as a carpenter, about 8:00 o’clock, A.M. En route to his job, in company with another employee, decedent had complained of pain in one of his arms. From about 8:00 to 9 :00 A.M. decedent and two other employees alternated in the labor of loosening bricks .by the use of a chisel and an eight-pound sledge hammer; upon being informed that Thomas had a sore arm, his employer, Ashley instructed him to desist from the work he was doing and assigned him to a lighter job of cleaning up and removing the bricks by means of a long-handled shovel. Following the lunch hour, Thomas continued his clean-up work for a brief period of time, and then engaged, for approximately thirty minutes, in whittling thumb-sized wooden pegs to be inserted in the brickwork. While so occupied in a standing position, Thomas collapsed, and his death followed almost instantaneously. It was further established that approximately eighteen months before his death Thomas had suffered an accident in a fall from a truck, and, while hospitalized as the result of injuries sustained in this accident, it was discovered that he was subject to a heart condition and high blood pressure. During this period of hospitalization and recovery from the accidental injuries sustained, Thomas was treated by Dr. C. S. Holt.
Plaintiff’s claims for recovery rest upon the contentions that her husband’s death was causally connected with the work in which he was engaged at the time, and the determination of this claim is the sole issue tendered by this appeal.
In questions of this nature the court must depend in great degree upon the testimony of expert medical witnesses in guiding it to a just conclusion. In response to hypothetical questions, it was the opinion of Dr. Dienst, testifying on behalf of plaintiff, that the exertion of the employment aggravated decedent’s heart condition and hastened his death. Exactly the opposed opinion was expressed by Drs. Hall and Holt, the medical experts who testified on behalf of defendant.
There can be no dispute as te-sóme of the general legal principles that govern cases of this nature. First, it is well established that compensation claims must be proved by a preponderance of the evidence. Second, our jurisprudence has now crystallized in the firm holding that an accidental injury which increases or aggravates a pre-existing condition is compen-sable.
With specific reference to heart conditions all of our appellate tribunals recognize and enforce the conclusion that compensation is due, whether or not the condition is pre-existing, when caused by the activities, exertions and other factors-directly connected with the employment.
In Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625, 626, the opinion of Mr. Chief Justice Fournet, in considering the causal relationship between employment and death from a heart attack, observed that the testimony of the medical experts should be regarded as the determining influence, since the case did not involve an accident causing external injuries or producing objective symptoms. Proceeding with its consideration in this case, the court noted that this nature of injury was compensable in those instances where
“ * * * excessive heat, heavy lifting or other strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition.”
The application of the material factors-as announced in the Hemphill case have since been followed in a great number of similar actions. Among more recent cases where the principle has been adopted and in which recovery was allowed, we find *507 Spivey v. Aetna Casualty & Surety Co. (disability from heart attack), La.App., 127 So.2d 297 (4th Circuit, 1961, certoriari denied); McKnight v. Clemons (aggravation of heart condition), La.App., 114 So.2d 114 (1st Circuit, 1959); Cutno v. Neeb Kearney & Company (aggravation of pre-existing ulcer), 237 La. 828, 112 So.2d 628; Brian v. Employers Casualty Co. (death from heart attack), La.App., 111 So.2d 161 (2nd Circuit, 1959, certiorari denied); Guillory v. Reimers-Schneider Co., Inc. (aggravation of pre-existing back condition), La.App., 94 So.2d 134 (1st Circuit, 1957); Clifton v. Arnold (death from coronary occlusion), La.App., 87 So.2d 386, (1st Circuit, 1956); Sepulvado v. Mansfield Hardwood Lumber Co. (death from coronary thrombosis), La.App., 75 So.2d 529 (2nd Circuit, 1954).
On the other hand, recovery has been denied in those cases in which the facts have failed to establish a causal connection: Hastings v. Homewood Development Co., Inc. (disability resulting from heart attack), La.App., 84 So.2d 883 (2nd Circuit, 1956, certiorari denied); Fontenot v. Camden Fire Insurance Association (disability resulting from heart attack), La.App., 124 So. 2d 640 (3rd Circuit, 1960, certiorari denied) .
The governing principle has been well stated by Professor Malone in his work on Louisiana Workmen’s Compensation, Section 25, page 314, as follows:
“Trauma usually associated with any strenuous employment is often sufficient to bring about the disability or death of an employee suffering from a diseased heart or high blood pressure. Complications in proving causation arise from the fact that the natural progress of pre-existing heart infirmities can produce disability at any moment regardless of any outside influence. However, it is well settled in ■medical science that exertion and heat -characteristic of heavy physical duties can cause severe injury to a weakened heart or blood vessel.” (Numerous authorities cited).
Bearing in mind the above principles, we have failed to find any evidence of strenuous exertion, overheating, etc., which would indicate the establishment of a causal connection between plaintiff’s death and his employment. Additionally, the medical testimony based upon the facts established with relation to decedent’s activities preceding his death, conclusively preponderates against a finding of causal connection.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.